[Civ. No. 23504.   Second Dist., Div. Three.   Oct. 19, 1959.]

GRACIELA MARROQUIN, Appellant, v. ANTONIO
BARRIAL et al., Respondents.

Joseph W. Fairfield and Ethelyn F. Black for Appellant.

J. B. Tietz for Respondents.

WOOD (Parker), J.—This is an action to set aside an alleged fraudulent conveyance of a promissory note and a trust deed; or, in the alternative (if the conveyance cannot be set aside), for damages. Plaintiff appeals from judgment in favor of defendants.

Defendants Antonio and Eva Barrial, husband and wife, were owners of a promissory note and a third trust deed, which deed was given as security for payment of the note. On April 18, 1956, in another action wherein the present plaintiff was plaintiff and defendant Antonio Barrial was the defendant, it was stipulated that judgment should be for plaintiff for $3,558.55. Pursuant to the stipulation judgment was entered on May 2, 1956.

In the present case, the complaint alleged that on April 18, 1956, the defendants Antonio Barrial and Eva Barrial, for the purpose of defrauding the plaintiff Marroquin, transferred to defendant Raiden a certain note and trust deed which were owned by defendants Barrial; the note was in the amount of $8,000 and was so transferred for an inadequate consideration, and as a result the defendant Antonio Barrial was rendered insolvent and unable to satisfy the said stipulated judgment; that said conveyance was executed by defendants Barrial for an inadequate consideration and with the intent to hinder, delay, and defraud the creditors of Antonio Barrial, and that defendant Raiden accepted said conveyance with knowledge of the fraudulent intent of Antonio Barrial and with intent to assist Antonio Barrial in his fraudulent

purpose, and to hold the note and trust deed for the benefit of Antonio Barrial.

In their answers in the present case, the defendants Barrial denied the allegations of the complaint regarding fraud and inadequate consideration; and they alleged that the assignment was made to secure the payment of $500 in fees to defendant Raiden, and that plaintiff and her attorneys have known that that was the fact. The defendant Eva Barrial alleged that she has never had any obligation to the plaintiff.

In his answer in the present case, the defendant Raiden denied the allegations of the complaint regarding fraud; and he alleged that the third trust deed (securing note balance of $7,611.68) was assigned to him to secure payment of attorney's fees of $500 due to him for handling the suit brought by plaintiff against Antonio Barrial for $4,800, being $3,500 cash advanced by plaintiff to Antonio, with usurious charges of $1,300; that the attorney for plaintiff knew of that assignment; that on supplementary proceedings the defendant Antonio told said attorney for the plaintiff that the assignment was to secure only the payment of $500 in fees; that on further supplementary proceedings on July 30, 1956, the court commissioner suggested that upon completion of the payment due to defendant Raiden, the trust deed be assigned by Antonio and Eva Barrial to the plaintiff and that plaintiff collect the payments therefrom until her judgment was paid; defendant Antonio advised the commissioner that that would be satisfactory with him and he would undertake to secure the consent of his wife, Eva, to such assignment; the attorney for plaintiff said that he wanted the sheriff to sell the trust deed immediately to satisfy plaintiff's claim; on August 8, 1956, the plaintiff filed a notice of motion for appointment of a receiver; defendant Antonio Barrial offered to stipulate that a receiver might be appointed to collect the trust deed payments and pay them to plaintiff as soon as the payments to defendant Raiden were completed; pursuant to stipulation a receiver was appointed; on August 20, 1956, the defendant Raiden, as attorney for Antonio, approved as to form, the order appointing the receiver; on August 22, 1956, a notice of garnishment was delivered by the sheriff to defendant Raiden's office; the notice was "directed against the note"; defendant Raiden sent a letter to the sheriff stating that the note had been assigned to defendant Raiden on April 18, 1956, when $500 was due to said defendant; the defendant Raiden

also sent a letter to the court stating that since the plaintiff chose "to seek his remedies by levy, in the face of the Receivership," the defendant Raiden was withdrawing his stipulation as to appointment of a receiver.

The court found, among other things, as follows: The said above mentioned allegations of the answer of defendant Raiden were true. The assignment of the note and trust deed was recorded on April 19, 1956. Defendants Barrial did not deliver possession of the note and trust deed to defendant Raiden. Monthly payments on the note were made by check to defendant Antonio Barrial, who delivered the checks to defendant Raiden until the $500 counsel fee was paid. The assignment was not for the purpose of defrauding creditors, but was to secure the payment of the $500 then due to defendant Raiden. From the date of the assignment, counsel for plaintiff knew that the purpose of the assignment was to secure payment of the $500. The judgment procured by the plaintiff was against Antonio Barrial only, and it had no application to Eva Barrial, who had the right to dispose of her interest in the note and trust deed to defendant Raiden or any other person. In supplementary proceedings, the defendant Antonio secured the consent of his wife, Eva, to join in assigning their interest in the note and trust deed as security for the payment of the balance of the judgment against Antonio. Plaintiff rejected said offer of such assignment. After this present action was filed, the defendants Barrial agreed to assign their interest in the note and trust deed as full payment of plaintiff's judgment, on condition the plaintiff reconvey the interest of Antonio Barrial in the Marshall Street property (which interest in the property had been purchased by plaintiff at execution sale in partial satisfaction of her judgment). In furtherance of that agreement the defendants Barrial sent the note and trust deed to counsel for plaintiff. Counsel for plaintiff refused to carry out the agreement and returned the note and trust deed.

Appellant (plaintiff) contends that the assignment was in fraud of creditors. Her argument is that the assignment was made immediately after the defendant Antonio Barrial stipulated that judgment might be entered against him; that the assignment appeared to be a total assignment, but there was an understanding among the defendants Barrial and defendant Raiden that the purpose of the assignment was to secure payment of attorney's fees to defendant Raiden; that

the attorney could have prepared an assignment that recited that it was made only as security for payment of the $500; that the failure to include such a limitation in the assignment was solely to cause those who relied upon the assignment to believe that it was a complete assignment without any conditions; that no fair consideration was given by defendant Raiden for the assignment. As hereinabove shown, the court found, contrary to this contention, that the assignment was not made fraudulently.

Appellant contends further that the evidence does not support the finding that the assignment was not made fraudulently. She argues that the only conclusion possible from the evidence is that the assignment was for the purpose of preventing plaintiff from satisfying her judgment; the assignment "carried no delivery with it," and the possession of the note and trust deed remained with Antonio Barrial, who collected the payments; after Raiden had been paid, he assigned the note and deed, at Barrial's request, to Barrial's son; if there was no fraudulent intent the assignment would have had a "qualification of security" endorsed on it, and after Raiden had been paid there would have been a reassignment to the Barrials. It thus appears that the argument pertains to questions as to credibility of the witnesses and the weight of the evidence. Those questions were for the determination of the trial judge.

Appellant also contends that the evidence does not support the finding that the note and trust deed were assigned as security for payment of $500 counsel fees then due from Antonio Barrial to Raiden. She argues that there was no evidence that the assignment was given as security. The note was not assigned. Plaintiff introduced in evidence the superior court file in the prior action wherein judgment was rendered, upon stipulation, against Antonio Barrial. In that file there are affidavits which state that the assignment was security for payment of $500 as counsel fees. Defendant Raiden testified in the present case, that after he had been paid "the $500," he made a reassignment of the trust deed. Plaintiff introduced in evidence a letter (letter to the sheriff from defendant Raiden) which stated that the assignment was made as security for payment of the $500. It also appears that the allegations of fact in defendant Raiden's answer were accepted by the court and counsel for plaintiff as said defendant's assertion, so that it would not be "necessary to go back to everything that

is set forth in your [his] answer." It thus appears that there was evidence that the trust deed was assigned as security for the payment of $500 counsel fees.

Appellant also contends that the evidence does not support the finding to the effect that from the date of the assignment, counsel for plaintiff knew that the purpose of the assignment was to secure payment of the $500. She argues that there was no evidence that her counsel had knowledge of the purpose of the assignment "at the time the assignment was made." It is true that there was no evidence that her counsel had such knowledge at the time the assignment was made, but there was evidence that at the time the matter of appointing a receiver was before the court, on June 6, 1956, an affidavit of Antonio Barrial stated in effect that the assignment was to secure payment of the $500. The first portion of the finding is erroneous, that is, the portion which states that "from the date of the said assignment" counsel for plaintiff had such knowledge of the assignment. Such error in the finding, however, does not constitute reversible error.

Except as to the portion of the finding last above mentioned, and except as to the finding that the note was assigned, the evidence supports the findings. Those errors in the findings were not prejudicial. The findings (excluding said erroneous portions) support the judgment.

The judgment is affirmed.

Shinn, P. J., concurred.

A petition for a rehearing was denied November 6, 1959, and appellant's petition for a hearing by the Supreme Court was denied December 16, 1959.