[Civ. No. 10425.   Second Appellate District, Division Two.—October 11, 1935.]

STELLA M. STEEN, Appellant, v. W. J. WHITTINGTON et al., Respondents.

446

Harry Alkow for Appellant.

Gibson, Dunn & Crutcher, E. H. Conley, Robert F. Schwarz and Frank R. Carroll for Respondents.

WILSON, J., *pro tem.*—This is an action to recover damages because of illness and nervous shock alleged to have been suffered by the appellant because of the removal of the body of her deceased son from the plot in which he was first buried to a point elsewhere in the cemetery. The complaint alleges that the body was removed on June 2, 1932, and that thereafter until March 21, 1933, appellant visited the original burial plot once or twice weekly and that on such occasions she purchased and placed expensive flowers upon the plot in which she believed the body of her son was buried. A demurrer to the complaint was sustained without leave to amend, and from the judgment following such ruling the plaintiff has appealed.

The complaint does not allege that the decedent left no surviving widow or father, or other relative who might assert a claim for damages for the same alleged wrongful act of the respondents. (See *Gostkowski* v. *Roman Catholic Church, etc.*, 262 N. Y. 320 [186 N. E. 798].) Whether the complaint states a cause of action, in the absence of such an allegation, we do not decide, for the reason that if the appellant had a cause of action, it is barred by the statute of limitations.

The complaint was filed December 10, 1934, more than one year after the removal of the body and more than one year after appellant obtained knowledge of its removal. ■ In the absence of statutory provisions there is no property in a dead body. (*Enos* v. *Snyder*, 131 Cal. 68 [63 Pac. 170, 82 Am. St. Rep. 330, 53 L. R. A. 221]; *Huntly* v. *Zurich etc. Co.*, 100 Cal. App. 201 [280 Pac. 163].) The removal of the body from its original burial place to another, in itself, would not have constituted a ground for the recovery of damages. ■ The gravamen of the cause of action is the mental and physical shock to the appellant and the illness suffered by her upon her discovery of the fact that the body had been removed. Without such injury to her personally she would

have had no cause of action. Her action was barred because it was not commenced within one year after the accrual of the cause of action. (Code Civ. Proc., sec. 340, subd. 3; *Huntly* v. *Zurich etc. Co., supra.*)

By her allegations that the body was fraudulently removed and that, with knowledge of appellant's visitations, respondents wrongfully and fraudulently concealed the fact of removal from her, appellant seeks to place her cause of action within the three-year limitation for an action for fraud. The action is not one for relief on the ground of fraud, but is to recover damages for the personal injuries of appellant, consisting of physical and mental suffering, consequent upon the alleged wrongful act of the respondents. Such injury as the appellant endured would have resulted whether the acts of the respondents were fraudulent or otherwise.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.