[Civ. No. 6771.    Fourth Dist.    Aug. 14, 1962.]

ROBERT BULKLEY, Plaintiff and Respondent, v. OTTO J. KLEIN, Defendant and Appellant.

Russell H. Yeager for Defendant and Appellant.

Dickenson, Sattinger & McKee and Richard A. McKee for Plaintiff and Respondent.

CONLEY, J.*—Defendant appeals from a judgment of $1,000 in favor of plaintiff for false imprisonment and malicious prosecution. The action was tried by the court without a jury, and it was defended below by the defendant in propria persona.

The two main questions raised on appeal are whether the court erred in finding defendant liable both for malicious prosecution and for false imprisonment on the same alleged facts and whether the plaintiff established the necessary elements for recovery.

The basis for the action was a criminal prosecution in the Imperial Judicial District of Imperial County where defendant charged plaintiff with the theft of an electric motor; a police officer of the City of Imperial served the warrant and took plaintiff to jail, where he remained in custody for a short time. The next day plaintiff was arraigned in the justice court and pleaded not guilty, and at that time a hearing was set for August 13, 1959. On the day of the hearing the complainant failed to appear, and the case was dismissed. The docket entry then was, "Case dismissed with or for lack of evidence." Complainant maintained that he had not been notified of the hearing. Although the regular court clerk testified that she always sent a notice of the hearing, she had been absent from duty for a few days because of illness, and it is not clear whether the notice was in fact sent. At some later time the above entry in the docket was erased by order of the judge and a new entry made, "Complainant failed to appear—case continued to some future date."

Plaintiff had been a tenant of defendant; he had purchased an electric cooler motor to replace one which had been burned out during his occupancy; when he left the rented house of defendant he removed the motor from the cooler and took it with him. In the first count of action in his complaint plaintiff alleged that:

---

*Assigned by Chairman of Judicial Council.

"On or about August 3, 1959, in Imperial County, California, defendant wrongfully, maliciously, and without reasonable cause to believe that a crime had been committed, signed and caused to be filed in the Justice Court of the Imperial Judicial District, a Complaint charging plaintiff with theft of an electric motor," and also that:

"On the date hereinabove set forth, the Justice Court of the Imperial Judicial District issued a warrant on said Complaint and a police officer of the City of Imperial took plaintiff into custody and imprisoned him in jail, such arrest and imprisonment being at the instigation of defendant herein"; that on or about August 4, 1959, he was arraigned in said justice court and entered a plea of not guilty and that thereafter, on or about August 13, 1959, the criminal action was dismissed for lack of evidence; that the plaintiff suffered damages by reason of such false imprisonment.

The second cause of action prays damages for malicious prosecution.

In Prosser on Torts (2d ed. 1955) at page 53, the distinguishing characteristics of malicious prosecution and false imprisonment are pointed out: "The kindred action of malicious prosecution protects interests closely related to those involved in false imprisonment, and sometimes the two are confused by the courts. Malicious prosecution is the groundless institution of criminal proceedings against the plaintiff. False imprisonment fell within the action of trespass, as a direct interference with the plaintiff's person, while malicious prosecution was regarded as more indirect, and the remedy for it was an action on the case. The distinction between the two lies in the existence of valid legal authority for the restraint imposed. If the defendant complies with the formal requirements of the law, as by swearing out a valid warrant, so that the arrest of the plaintiff is legally authorized, the court and its officers are not his agents to make the arrest, and their acts are those of the law and the state, and not to be imputed to him. He is therefore liable, if at all, only for a misuse of legal process to effect a valid arrest for an improper purpose. The action must be for malicious prosecution, upon proof of malice and want of probable cause, as well as termination of the proceeding in favor of the plaintiff."

And on page 646 Prosser says: ". . . the difference is one of the regularity of the legal process under which the plaintiff's interests have been invaded. If he is arrested or confined without a warrant, or legal authority apart from a warrant,

malicious prosecution will not lie, since the essence of that tort is the perversion of proper legal procedure, and the remedy is false imprisonment. On the other hand, if there is valid process or due authority apart from it, the arrest is not 'false,' and the action must be one of malicious prosecution.'' (See also 22 Cal.Jur.2d, False Imprisonment, § 5, p. 39; *Nelson* v. *Kellogg,* 162 Cal. 621, 624 [123 P. 1115, Ann.Cas. 1913D 759]; *Stallings* v. *Foster,* 119 Cal.App.2d 614, 619 [259 P.2d 1006].)

In the instant action the court found that all of the allegations contained in paragraphs I, II and III of plaintiff's first cause of action (false imprisonment) are true, and all of the allegations contained in paragraphs I, II, III and IV of plaintiff's second cause of action (malicious prosecution) are true, that all of the denials and allegations contained in defendant's answer are untrue, and that plaintiff suffered compensatory damages in the amount of $800 and exemplary damages in the amount of $200.

Because of the absence of the basic element of proof in an action for false imprisonment, namely, the unlawful violation of the personal liberty of another by the restraint of the person without color of authority, plaintiff has not established a cause of action for false imprisonment. To establish false imprisonment he would have had to plead and prove facts showing that the warrant issued and served was void or illegal or that detention took place without a warrant. (*Barrier* v. *Alexander,* 100 Cal.App.2d 497, 499 [224 P.2d 436]; *Neves* v. *Costa,* 5 Cal.App. 111, 117-118 [89 P. 860].)

In 21 American Law Reports Second, page 648, it is said: ''Although in modern pleading the two causes of action may be joined in separate counts, and in many states forms of action have been abolished, the distinction between the two is constantly recognized as important. . . .

''Where the two causes are joined, the defendant cannot be held liable for both the false imprisonment and the malicious prosecution. The two are inconsistent; the plaintiff may be required to elect upon which count to go to the jury.'' (See also *Singleton* v. *Perry,* 45 Cal.2d 489, 494-495 [289 P.2d 794].) The failure of the charge of false imprisonment, however, does not compel a reversal of the judgment if proof of the accompanying charge of malicious prosecution was sufficiently established.

As is said in *Leoni* v. *Delany,* 83 Cal.App.2d 303, 309 [188 P.2d 765, 189 P.2d 517]: ''If one count is not affected by

error and there is substantial evidence to support a verdict with respect to it, it is immaterial that there may have been errors committed in connection with another count or that there is not sufficient evidence to sustain a verdict as to such other count. [Citations.] One count sustained by sufficient evidence and free from error is all that is required to support a verdict.'' (See also *Strutzel* v. *Williams,* 109 Cal.App.2d 512, 515 [240 P.2d 988] ; *Shields* v. *Oxnard Harbor Dist.,* 46 Cal.App.2d 477, 491 [116 P.2d 121] ; *Martin* v. *Los Angeles Turf Club, Inc.,* 39 Cal.App.2d 338, 349 [103 P.2d 188] ; *King* v. *Schumacher,* 32 Cal.App.2d 172, 178-179 [89 P.2d 466].)

The remaining question is: Was there substantial evidence to support the trial court's finding that appellant was liable for malicious prosecution? Prosser on Torts (2d ed. 1955) page 646, sets out the essential elements of a cause of action for malicious prosecution as follows:

''1. A criminal proceeding instituted or continued by the defendant against the plaintiff. 2. Termination of the proceedings in favor of the accused. 3. Absence of probable cause for the proceeding. 4. 'Malice,' or a primary purpose other than that of bringing an offender to justice.''

The first element, institution of a criminal judicial proceeding by defendant against plaintiff, is conceded. Was such proceeding terminated in favor of the defendant therein? Judge Tullos, who was acting judge at the criminal hearing, testified that the original entry in his docket was, ''Case dismissed with or for lack of evidence.'' Mrs. Muriel Hickox, Court Clerk, who was absent at the time of the hearing and who changed the above entry at the direction of Judge Tullos, testified that it was her best recollection that before the change the entry on the docket read that the case was dismissed. The plaintiff, Robert Bulkley, testified that on August 13, 1959, he was in court for the hearing. At the trial the following questions were put to him:

''Q. Now, with regard to any entry in the docket, can you tell me what the Judge told you; was the disposition of the case from the bench? A. The Judge said, 'Case dismissed.'

''Q. Did he make any other comment? A. I asked him if that meant I was not guilty, and he said yes.''

Frank G. Steffens testified that he was present at the justice court hearing. And to the question, ''Do you recall what the judge had to say in regard to the disposition of his case at that time?'' his answer was: ''Yes, we had the motor there, and the receipt showed what he paid for it, and we took it in,

I went with Bob just—and the Judge said the case is dismissed, and so Bob asked him, 'Does that mean that I am not guilty, and it's all over with?' and the Judge said, 'Yes, it's dismissed.' "

Richard A. McKee, counsel for plaintiff, took the stand at the trial and testified that he examined the docket entry made in *People of the State of California* v. *Bob Bulkley* on the date September 14, 1959, and that at that time the docket showed the following information: "August 3rd, 1959, Complaint filed, Warrant issued. August 4th, Arraignment and Plea. August 13, Case Dismissed with or for lack of evidence."

In the opinion in *Jaffe* v. *Stone*, 18 Cal.2d 146, 152 [114 P.2d 335, 135 A.L.R. 775], Chief Justice Gibson says: "In stating the requirement of termination, courts often say that the proceeding must be 'finally' terminated. Such a statement is entirely accurate if the ordinary reasonable meaning of the words is taken. The *proceeding* must be finally terminated; that is, the particular criminal proceeding commencing, for example, by complaint and arrest, must have passed through some such stage as preliminary hearing and dismissal, or trial and acquittal or abandonment by the prosecuting authorities. When this has occurred, *that proceeding is finally terminated.* If the termination was such as not to constitute a bar to a new prosecution, the accused may be charged and tried again for the same offense; but this will be a *new proceeding,* with a new court number, new pleadings, new judge and jury, and a new judgment."

Although the inherent power to amend its records so as to make them speak the truth extends to all courts (*Wildenhayn* v. *Justice's Court,* 34 Cal.App. 306, 308 [167 P. 305]; *In re Roberts,* 200 Cal.App.2d 95, 97 [19 Cal.Rptr. 147]), and a court may correct by amendment its inadvertent acts when they are of such a nature that they may be regarded as mere clerical errors, judicial error may not be so corrected. (29 Cal.Jur.2d, Judgments, § 102, pp. 17-18; *Winter* v. *Fitzpatrick,* 35 Cal. 269.) The *Winter* case, *supra,* held that a justice of the peace could not review his own judgment except upon motion for a new trial.

"After entry of a final judgment the power to change it is gone, unless the power to modify or vacate is reserved by the trial court, and except as authorized by the rules governing amendments and for conforming the conclusions and judgment to the findings of fact. Any further judgment or order materially varying the judgment after entry is a

mere nullity, since the court is without jurisdiction.'' (28 Cal.Jur.2d, Judgments, § 64, p. 701; *Winter* v. *Fitzpatrick, supra,* 35 Cal. 269, 273.)

After the entry was made in the justice court docket showing that the case was dismissed for lack of evidence the court no longer had jurisdiction of the case, and the justice was without power to review his judgment; the change thereafter was a nullity. A final termination of the criminal case favorable to the plaintiff was thus proved. (See *Kennedy* v. *Byrum,* 201 Cal.App.2d 474, 479 [20 Cal.Rptr. 98].)

Turning to the question of the absence of probable cause for the criminal prosecution, the record shows the plaintiff testified that he had purchased the motor, that there was no agreement transferring title to Mr. Klein, and that plaintiff did not say he would give the motor to him. The trial judge could justifiably infer that defendant's charge of theft was necessarily and knowingly false. (*Robinson* v. *McKnight,* 103 Cal.App. 718, 729 [284 P. 1056]; *Grove* v. *Purity Stores, Ltd.,* 153 Cal.App.2d 234, 240 [314 P.2d 543].)

In *Centers* v. *Dollar Markets,* 99 Cal.App.2d 534, 540 [222 P.2d 136], the court said: ''The question is whether, considering only the evidence most favorable to plaintiff together with every inference which reasonably can be drawn and every presumption which fairly can be deemed to arise therefrom in her favor, there is any evidence of want of probable cause and of malice.''

It would seem from the above evidence offered by plaintiff that there was substantial evidence of want of probable cause. Malice may be inferred from lack of probable cause. (*Kennedy* v. *Byrum, supra,* 201 Cal.App.2d 474; *Masterson* v. *Pig 'n Whistle Corp.,* 161 Cal.App.2d 323, 338 [326 P.2d 918].) It may be shown by proof of an absence of good faith on the part of an accuser. (*Grove* v. *Purity Stores, Ltd., supra,* 153 Cal.App.2d 234, 241; see also *Robinson* v. *McKnight, supra,* 103 Cal.App. 718, 729.)

The finder of fact must look to the primary purpose behind the defendant's action, and if he has acted chiefly to give vent to motives of ill will, malice is established. It may be found where the primary purpose is something other than the bringing of an offender to justice, which alone is recognized as the justification for a criminal proceeding. (Prosser on Torts (2d ed. 1955) p. 659.) It has been said that the proof is sufficient if it appears ''that the former suit was

commenced in bad faith to vex, annoy or wrong the adverse party.'' (*Hudson* v. *Zumwalt,* 64 Cal.App.2d 866, 872 [149 P.2d 457]; see also *Albertson* v. *Raboff,* 185 Cal.App.2d 372, 389 [8 Cal.Rptr. 398]; *Centers* v. *Dollar Markets, supra,* 99 Cal.App.2d 534, 541; *Masterson* v. *Pig 'n Whistle Corp., supra,* 161 Cal.App.2d 323, 338.) If appellant did not in fact believe that respondent had stolen his motor or if he knew the motor belonged to respondent and in spite of this knowledge filed a criminal complaint, malice could be inferred. The appellant admitted that he had not purchased the motor, but that the respondent had bought it, that he had no contract with respondent as to the motor; but he further said that it was ''just an agreement'' and that respondent gave the motor to him before he moved out for what respondent owed him. He testified that he threatened again to prosecute him if he didn't return the motor, and on September 9, 1959, Mr. Klein wrote a letter to plaintiff in which he said unless plaintiff returned the motor and pulley which he had removed from the cooler he would file another charge of petit larceny against him. Mr. Klein testified that his purpose in bringing the criminal action was to get his motor back. The testimony of plaintiff and his witness that he had purchased the motor for himself, that he had a bill of sale, that there had never been any agreement that the motor should be given to Mr. Klein, considered with all the other testimony in the case constituted sufficient evidence for the judge to infer that malice existed.

The existence of probable cause which involves ''the conduct of a reasonable man under the circumstances, and does not differ essentially from the determination of negligence'' (see Prosser on Torts (2d ed. 1955) p. 658) was a matter of fact for decision by the trial court.

As was stated in *Estate of Harvey,* 143 Cal.App. 2d 368, 370 [299 P.2d 712]: ''The appellate courts are required to reiterate from day to day, and with unremitting monotony, these fundamental principles of review: That the appellate court cannot weigh the evidence to determine where the preponderance lies; that its duty begins and ends with a determination of whether there is any substantial evidence, contradicted or uncontradicted, which supports the finding of fact; and that when two or more inferences reasonably can be deduced from the evidence the reviewing court cannot substitute its own inferences for those of the trial court.''

And questions as to the credibility of witnesses and the weight of evidence are for the determination of the trial

judge. (*Marroquin* v. *Barrial*, 174 Cal.App.2d 540, 544 [345 P.2d 30].) The findings and judgment based on malicious prosecution are supported by substantial evidence.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.