[Civ. No. 22391. Fourth Dist., Div. One. Oct. 21, 1980.]

GARY McKAY et al., Plaintiffs and Appellants, v.
COUNTY OF SAN DIEGO et al., Defendants and Respondents.

COUNSEL

Popko & Cornblum and Hugh D. McLean for Plaintiffs and Appellants.

Donald L. Clark, County Counsel, Lloyd M. Harmon, Jr., Chief Deputy County Counsel, and C. Larry Davis, Deputy County Counsel, for Defendants and Respondents.

OPINION

**WORK, J.**—In this case we hold there is no false arrest governmental immunity for a public employee who maliciously arrests and imprisons another by personally serving an arrest warrant issued solely on information deliberately falsified by the arresting officer himself. We reverse judgments on the pleadings alleging false imprisonment in favor of the public employee and employer, County of San Diego (County), and as to punitive damages for such false imprisonment against the employee individually.

We deem all material facts alleged in the amended complaint admitted for the purpose of our review (*Hospital Council of Northern Cal. v. Superior Court* (1973) 30 Cal.App.3d 331, 337-338 [106 Cal.Rptr. 247]) and examine them to determine if the complaint states a cause of action. (*Welshans v. City of Santa Barbara* (1962) 205 Cal.App.2d 304 [23 Cal.Rptr. 108].)

The pleadings allege Richard Cole, an investigator for the District Attorney of San Diego County, acting in the course and scope of his employment, agreed with Paul Roberts to fabricate a false document to submit to the court, along with other information Cole knew to be false, solely to permit Cole to arrest Gary McKay and Stanley Kaufman on false charges.

Cole presented this false information to the court, obtained an arrest warrant, and personally arrested McKay and Kaufman.

The dismissed counts were entitled "false imprisonment," however, the superior court found the facts would also support a cause of action

for malicious prosecution and wrongly declared the action barred because of blanket immunity given public employees and employers under Government Code section 821.6.[1]

■ While we are cited to no case where the actual arrest *and* the initiation of a malicious prosecution were performed by the same individual, there are numerous cases which distinguish the tort of malicious prosecution from the separate tort of false arrest and imprisonment. (Generally, see *Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710 [117 Cal.Rptr. 241, 527 P.2d 865].) The Government Tort Claims Act itself makes this distinction and, while providing immunity for malicious prosecution, specifically declares the act does not "exonerate(s) a public employee from liability for false arrest or false imprisonment." (Gov. Code, § 820.4.) ■ Since the employee is exposed to personal liability, the employer public entity is equally liable under respondeat superior principles. (Gov. Code, § 815.2; Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1964) § 7.4, p. 286.)

■ *Sullivan, supra*, 12 Cal.3d 710 at page 722, holds Government Code section 821.6 "cannot be interpreted to defeat the common law liability for false imprisonment preserved in section 820.4...."[2] The only statutory limitation on a public employee's liability to answer in damages for a false imprisonment is found in Civil Code section 43.5(a) where, as here, a warrant was served to effect the arrest.[3]

Civil Code section 43.5(a) provides only conditional immunity. A failure of any condition prevents immunity from attaching to a peace officer making the arrest. The condition which Cole and County cannot satisfy requires the peace officer making the arrest *act without malice.* (*Allison* v. *County of Ventura* (1977) 68 Cal.App.3d 689, 700 [137 Cal.Rptr. 542].)

---

[1]"A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

[2]Government Code section 820.4 states: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment."

[3]Civil Code section 43.5(a) states: "There shall be no liability on the part of and no cause of action shall arise against any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face if such peace officer in making the arrest acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant."

Malice may be determined by taking into account all circumstances surrounding the arrest allegedly known to the arresting officer. The Orwellian scenario described in the pleadings establish malice "in spades." Cole and County do not contend otherwise, they merely contend Civil Code section 43.5(a) does not apply.

Cole and County posit the following: where a public employee acts under a process of court he personally obtained without probable cause, with malice, with deliberately falsified facts, an action may be stated *only* for malicious prosecution even though he personally arrests/imprisons the victim of his plot.

In support of this position, Cole and County quote from *Singleton v. Perry* (1955) 45 Cal.2d 489, 494 [289 P.2d 794]: "Malicious prosecution is procuring the arrest' or prosecution of another under lawful process, but from malicious motives and without probable cause." This support is used in leapfrogging to the principle: a defendant cannot be held liable for both false imprisonment and malicious prosecution.

The foregoing "partial" quotation from *Singleton* was in turn extracted from *Collins v. City and County of San Francisco* (1975) 50 Cal.App.3d 671, 676 [123 Cal.Rptr. 525], and refers to a state of facts totally different from ours.[4]

Furthermore, the above quotation from *Collins* has been lifted from *Bulkley v. Klein* (1962) 206 Cal.App.2d 742, 747 [23 Cal.Rptr. 855], which in turn credited it to 21 A.L.R.2d 648. In *Bulkley* it reads: "'Although in modern pleading the two causes of action [malicious prosecution and false imprisonment] may be joined in separate counts ...the distinction between the two is recognized as important....

"'Where the two causes are joined, the defendant cannot be held liable for both the false imprisonment and the malicious prosecution. The two are inconsistent; the plaintiff may be required to elect on which count to go to the jury.'"

---

[4]Collins sued one Officer Brady for false arrest after he caused a misdemeanor warrant to issue. The warrant remained unserved for one year before it came to the attention of a third party who routinely served it without any knowledge or instigation on the part of Brady.

*Bulkley* does not stand for the proposition urged by County; it does not hold false imprisonment will not lie where the same facts also support a cause of action for malicious prosecution.

Government Code section 821.6 codifies the common law set forth in decisions such as *White* v. *Towers* (1951) 37 Cal.2d 727, 730 [235 P.2d 209, 28 A.L.R.2d 636]. (Sen. Com. com., Gov. Code, § 821.6.)

*Sullivan, supra,* 12 Cal.3d 710 at page 719, explains Government Code section 821.6 was not intended to protect public employees from false imprisonment and refers to language in the Senate Committee comment to this section. The cases cited therein involve malicious prosecution actions where either (1) no imprisonment was involved (*Hardy* v. *Vial* (1957) 48 Cal.2d 577 [311 P.2d 494] [civil suit], *White* v. *Towers, supra,* 37 Cal.2d 727 [criminal prosecution under Fish and Game Code] or (2) those where the court stressed the immunity arose because the defendant, charged with maliciously instituting the prosecution, did not himself make the arrest. (*Coverstone* v. *Davies* (1952) 38 Cal.2d 315 [239 P.2d 876]; *Dawson* v. *Martin* (1957) 150 Cal.App.2d 379 [309 P.2d 915].)[5]

The public policy for Government Code section 821.6 immunity is expressed in *White* v. *Towers, supra,* 37 Cal.2d 727, at pages 729 to 730, as protecting public officers from vindictive and retaliatory damage suits to prevent a breakdown of the investigatory process upon which our system of law enforcement is dependent. This specter is raised by quoting from *Watts* v. *Gerking,* 111 Ore. 641, 669 [228 P. 135, 34 A.L.R. 1489]: "Criminal law does not enforce itself. It demands the assistance of *valid* evidence and fearless officials to put it in execution. Because of their tendency to obstruct the administration of justice, it is the policy of the law to discourage actions for malicious prosecution." (Italics added.)

Neither *Watts* nor *White* addressed the issue of immunity for false imprisonment.

No equivalent public policy justifies immunizing public officers for false imprisonment in light of the clear legislative mandate denying such to public employees (Gov. Code, § 820.4) and to peace officers

---

[5]*Dawson* specifically stressed the fact defendant himself did not personally make the arrest. Inferentially the holding would have been different had he done so. (*Dawson* v. *Martin* (1957) 150 Cal.App.2d 379, 381 [309 P.2d 915].)

who maliciously serve warrants even though regular on their face (Civ. Code, § 43.5(a)).

It would be absurd indeed to hold Cole, and vicariously County, liable for false arrest and imprisonment had Cole acted with malice in serving the warrant without participating in the acts leading up to the issuance of the warrant, but grant immunity when, in addition to the foregoing, he also devised and carried out the scheme outlined.

The judgment is reversed, the matter remanded and the superior court ordered to reinstate the dismissed counts.

Brown (Gerald), P. J., and Cologne, J., concurred.