[Civ. No. 29916. Fourth Dist., Div. Two. Feb. 29, 1984.]

RICK RAYMOND SCANNELL, Plaintiff and Appellant, v.
COUNTY OF RIVERSIDE et al., Defendants and Respondents.

**COUNSEL**

Bostwick & Rowe and Gerald W. Dimicelli for Plaintiff and Appellant.

Thompson & Colegate, Sharon J. Waters, William E. Still, David Kyle, Stephen W. Travers and Roy C. Wilson, Jr., for Defendants and Respondents.

**OPINION**

**HALDORSEN, J.**[*]—The demurrers of defendants County of Riverside and Southern Pacific Transportation Company to the first amended complaint based upon alleged failures to state causes of action and the bar of the statute of limitations were sustained in the trial court without leave to amend. Plaintiff Rick Raymond Scannell appeals from the judgments of dismissal thereafter entered.

Plaintiff's amended complaint alleged causes of action for intentional infliction of emotional distress, false imprisonment and malicious prosecution against the County of Riverside, Riverside County Sheriff's Detective James Bowen, the Southern Pacific Transportation Company and William G. Peoples, an alleged agent of the latter company who was not served with process.

---

[*]Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

In substance, the amended complaint asserts that on September 28, 1979, plaintiff was granted immunity from prosecution of alleged violations of Penal Code sections 211 and 459 by Detective Bowen, who, in so doing, was acting within the course and scope of his employment and with the consent of the Riverside County District Attorney; that plaintiff performed his duties under that immunity agreement; that nevertheless and contrary to the agreement a felony complaint charging plaintiff herein with violations of Penal Code sections 211 and 459 was filed on October 11, 1979; that the complaint was executed by the Sheriff and District Attorney of Riverside County acting within the scope of their respective authorities and that they were aided and abetted by and used information supplied by defendants Peoples and Southern Pacific Transportation Company; and that plaintiff was then arrested and jailed until released on bail; that after the preliminary hearing, plaintiff was tried in the superior court, which trial ended in a hung jury on April 10, 1980; that on June 16, 1980, the superior court granted plaintiff's motion to dismiss the information based on the previous grant of immunity.

Plaintiff further charged that the criminal proceedings against him were instituted with the full knowledge of all defendants that he had previously been granted immunity from prosecution for the charged offenses.

The amended complaint also alleges that plaintiff duly presented his claim based on the foregoing events to the Clerk of the County of Riverside on September 2, 1980, which claim was deemed rejected pursuant to Government Code section 912.4 on October 18, 1980.

The amended complaint does not set forth the date of plaintiff's release on bail, but does assert that his imprisonment ended on June 16, 1980, the dismissal date, in that he was then "no longer compelled to be where he did not voluntarily want to be."

Predicated upon these assertions, plaintiff filed his initial complaint for intentional infliction of emotional distress and false imprisonment on April 20, 1981, against Detective Bowen, the County of Riverside and certain Doe defendants. Southern Pacific Transportation Company was subsequently served as a Doe defendant on November 23, 1982, and the complaint was amended to name Peoples and Southern Pacific Transportation Company as defendants on March 3, 1983. That amendment added the third cause of action against all defendants for malicious prosecution.

We will first consider the demurrer of the County of Riverside.

*Malicious Prosecution*

In 1963 Government Code section 821.6 was enacted. It states as follows: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

■ This section represents a codification of prior case law. In *Dawson* v. *Martin* (1957) 150 Cal.App.2d 379 [309 P.2d 915], the court stated at pages 381-382: "So far as the county is concerned it enjoys absolute immunity from suits for malicious prosecution and the defense need not be pleaded by answer, but may be taken advantage of by demurrer. [Citations.] Immunity from suit also extends to and protects the respondent Martin [county building inspector] in the instant case in view of the affirmative allegations that in all that he did he acted as agent of the county and of its governing board of supervisors. [Citations.]"

The public policy mandating this immunity is best articulated by the court in *White* v. *Towers* (1951) 37 Cal.2d 727, 729-730 [235 P.2d 209, 28 A.L.R.2d 636], in this language: "When the duty to investigate crime and to institute criminal proceedings is lodged with any public officer, it is for the best interests of the community as a whole that he be protected from harassment in the performance of that duty. The efficient functioning of our system of law enforcement is dependent largely upon the investigation of crime and the accusation of offenders by properly trained officers. A breakdown of this system at the investigative or accusatory level would wreak untold harm. 'Criminal law does not enforce itself. It demands the assistance of valid evidence and fearless officials to put it in execution. Because of their tendency to obstruct the administration of justice, it is the policy of the law to discourage actions for malicious prosecution.' [Citation]."

■ Here Detective Bowen was, according to the amended complaint, acting within the scope of his employment when he allegedly undertook the instant criminal prosecution and is therefore the beneficiary of the protection accorded him by Government Code section 821.6 regardless of alleged malice.

Likewise, if he is immune, so is the entity employing him, except as otherwise provided by statute. (Gov. Code, § 815.2, subd. (b); *Blackburn* v. *County of Los Angeles* (1974) 42 Cal.App.3d 175 [116 Cal.Rptr. 622].) Plaintiff has not, however, cited any such exception.

The county's demurrer to this cause of action was therefore properly sustained without leave to amend.

### False Imprisonment

■ There is no similar immunity given to public employees for false imprisonment. (Gov. Code, § 820.4; Civ. Code, § 43.5 subd. (a); *McKay* v. *County of San Diego* (1980) 111 Cal.App.3d 251 [168 Cal.Rptr. 442]; *Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710 [117 Cal.Rptr. 241, 527 P.2d 865].)

It follows that under the concept of respondeat superior, a public employer is responsible for the tort of false imprisonment by the conduct of a public employee acting within the course and scope of his employment. (*McKay* v. *County of San Diego, supra,* 111 Cal.App.3d 251, 254.)

■ The county's attack on this cause of action, however, focuses on the bar of the statute of limitations.

Government Code section 911.2 requires that a claim relating to a cause of action for injury to the person shall be presented not later than the 100th day after the accrual of the cause of action.

■ This claims statute is subject to the rule of strict compliance which requires that a late claim be disregarded. (*Collins* v. *County of Los Angeles* (1966) 241 Cal.App.2d 451, 460 [50 Cal.Rptr. 586].)

Plaintiff's amended complaint alleges that the criminal complaint against him was filed on October 11, 1979, that he was arrested and imprisoned and that he was forced to post bail to obtain his release from jail. No dates are specified for the last two events. It is further pleaded that his false imprisonment ended on June 16, 1980, because on that date "he was no longer compelled to be where he did not voluntarily want to be." He therefore contends that his claim presentation on September 2, 1980 was timely.

■ The county's response to this rather ambiguous pleading was to request the court to take judicial notice of the municipal court record of the criminal case against plaintiff which showed that plaintiff's bail bond had been filed with the court on October 25, 1979, for his appearance in court on October 26, 1979. The trial court was also requested to and did take judicial notice of the booking sheet of the Riverside County Sheriff's Department which showed plaintiff's release on bail on October 19, 1979. Nothing in the court record showed any subsequent incarceration.

Such judicial notice of a court record and an executive act was entirely proper. (Evid. Code, § 452, subds. (c) and (d).)

■ A complaint otherwise good on its face is nevertheless subject to demurrer when facts judicially noticed render it defective. (*Watson* v. *Los Altos School Dist.* (1957) 149 Cal.App.2d 768, 771 [308 P.2d 872].)

Hence, it is manifest that plaintiff was actually released from imprisonment no later than October 19, 1979 (the date the bond was posted at the jail as opposed to the date it was filed with the court). Plaintiff's allegations concerning his being required to be at places other than where he wanted to be must then necessarily only relate to the requirement of Penal Code section 1043 that he personally attend the criminal proceedings against him. Plaintiff's actual release from custody occurred over ten months before he filed his claim against the county.

■ Whether Government Code section 911.2 acts as a bar to this complaint therefore depends upon when plaintiff's cause of action accrued, i.e., on his release from custody or at the time of dismissal of the criminal proceedings.

When faced with that decision the court in *Collins* v. *County of Los Angeles, supra,* 241 Cal.App.2d 451, 455-456, held that the cause of action for false imprisonment accrues upon termination of the imprisonment and not at the time the criminal proceedings ended even though the claimant therein allegedly did not learn of the falsity of the arrest and imprisonment until testimony at trial demonstrated such.

It is true that in that case plaintiffs did not plead, although they did argue, that their "imprisonment" continued after their release on bail. (*Id.,* at p. 459.) It is also true that the court noted and relied in part on that failure to so plead. (*Id.,* at p. 460.) Nevertheless, the court also stressed that the tort required that the person be restrained of his liberty *without sufficient complaint or authority,* (italics added) citing *Ware* v. *Dunn* (1947) 80 Cal.App.2d 936, 943 [183 P.2d 128] (*Collins, supra,* 241 Cal.App.2d at 460).

Plaintiff herein may allege that his mandatory presence at the subsequent judicial proceedings constituted additional imprisonment, but that does not make it so, because his presence there was the result of lawful court orders and not of allegedly unlawful acts of defendants. It is not even an element of the cause of action for false imprisonment that there be a favorable termination of the proceedings as in the case of malicious prosecution. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 243(1), p. 2524.)

Plaintiff's cause of action, if any, for false imprisonment was complete upon his release from custody even though additional damages might have occurred later. His failure to file his claim within 100 days after such release

and the additional failure to petition for relief from the claim requirement bar this cause of action.

This leads us to another fatal defect in his pleading.

■ The differences between causes of action for false imprisonment and malicious prosecution must be noted. In *Collins* v. *City and County of San Francisco* (1975) 50 Cal.App.3d 671 [123 Cal.Rptr. 525], the following language appears at pages 676-677: "The contrasting offenses were tersely defined in *Stallings* v. *Foster*, 119 Cal.App.2d 614, 619 [259 P.2d 1006], in this manner:

" 'The distinction between malicious prosecution and false imprisonment is an important one, and is stated to be that "in malicious prosecution the detention is malicious but under due forms of law, whereas in false imprisonment the detention is without color of legal authority.'

"The court in *Bulkley* v. *Klein, supra,* 206 Cal.App.2d 742, 746-747 [23 Cal.Rptr. 855], adopted a scholarly discussion on the distinction between the two offenses, as follows:

" 'In Prosser on Torts (2d ed. 1955) at page 53, the distinguishing characteristics of malicious prosecution and false imprisonment are pointed out: "The kindred action of malicious prosecution protects interests closely related to those involved in false imprisonment, and sometimes the two are confused by the courts. Malicious prosecution is the groundless institution of criminal proceedings against the plaintiff. False imprisonment fell within the action of trespass, as a direct interference with the plaintiff's person, while malicious prosecution was regarded as more indirect, and the remedy for it was an action on the case. The distinction between the two lies in the existence of valid legal authority for the restraint imposed. If the defendant complies with the formal requirements of the law, as by swearing out a valid warrant, so that the arrest of the plaintiff is legally authorized, the court and its officers are not his agents to make the arrest, and their acts are those of the law and the state, and not to be imputed to him. He is therefore liable, if at all, only for a misuse of legal process to effect a valid arrest for an improper purpose. The action must be for malicious prosecution, upon proof of malice and want of probable cause, as well as termination of the proceeding in favor of the plaintiff." [¶] And on page 646 Prosser says: ". . . the difference is one of the regularity of the legal process under which the plaintiff's interests have been invaded. If he is arrested or confined without a warrant, or legal authority apart from a warrant, malicious prosecution will not lie, since the essence of that tort is the perversion of proper legal procedure, and the remedy is false imprisonment.

On the other hand, if there is valid process or due authority apart from it, the arrest is not 'false' and the action must be one of malicious prosecution." ' "

In *Collins, supra,* 50 Cal.App.3d 671, an officer had filed a complaint against Collins charging him with the commission of two misdemeanor offenses *after* a similar complaint charging those offenses had been dismissed. Jeopardy had attached and was a bar to such subsequent prosecution pursuant to Penal Code section 1387. Collins was rearrested on the new warrant some time later. After dismissal of the new complaint, Collins sued for false arrest only. The court held that even though the arrest and imprisonment may have been malicious and constituted malicious prosecution, the conduct did not amount to false imprisonment because the arrest was accomplished by a legal warrant and thus under due form of law and color of authority. (See also, *Jackson* v. *City of San Diego* (1981) 121 Cal.App.3d 579, 585 [175 Cal.Rptr. 395].)

█ So here, the criminal complaint of October 11, 1979, was held barred by the previous grant of immunity, but the arrest was accomplished, according to the amended complaint, under color of authority, i.e., a complaint and warrant. The amended complaint does not specifically allege arrest by warrant but records of the Indio Municipal Court judicially noticed show that a warrant was issued, that thereafter plaintiff appeared in custody with counsel for arraignment and was subsequently released on the bail set in the warrant. Nor is it alleged that the arrest, as opposed to the imprisonment, was invalid. Because the claim of false imprisonment rests upon the allegedly invalid obtaining of an arrest warrant and subsequent detention, the offense is malicious prosecution, not false imprisonment. (*Collins* v. *City and County of San Francisco, supra,* 50 Cal.App.3d 671, 677.) Hence, we conclude that the county's demurrer for failure to state a cause of action for false imprisonment was properly sustained without leave to amend.

### Intentional Infliction of Emotional Distress

█ A reading of the amended complaint discloses that the gravamen of this cause of action is the malicious institution and prosecution of criminal proceedings against plaintiff including subsequent false imprisonment despite knowledge of the grant of immunity, the effect of which was to cause plaintiff severe emotional distress. The underlying facts pleaded in all three causes of action are the same, however, except damage. In other words, the complaint asserts that an alleged false imprisonment which is barred by the claims statute and the pleading of which fails to state a cause of action, and a malicious prosecution against which there is public employee and entity immunity, were so outrageous and caused such severe distress as to nevertheless subject these defendants to liability.

There is no statute or case law carving this purported exception out of the malicious prosecution immunity granted public agencies and employees. That immunity is granted even though the employee has acted "maliciously and without probable cause." (Gov. Code, § 821.6.) We cannot ignore this plain public policy expressed by the Legislature. To do so would vitiate a rule whose statutory effect is plain and convincing. Its tendency would be to eliminate the fearlessness which the investigatory and accusatory process requires of officers in the administration of their duties. To allow an intentional infliction of emotional distress cause of action in this situation would exalt form and disregard substance. It would permit public entity and employee immunity to be avoided simply by denominating the cause of action as one for intentional infliction of emotional distress rather than malicious prosecution.

In *Kachig* v. *Boothe* (1971) 22 Cal.App.3d 626 [99 Cal.Rptr. 393], plaintiffs sought to collaterally attack a prior final judgment against them alleging that the judgment was obtained as a result of false evidence. Their causes of action in seeking such relief were on theories of fraud, malicious prosecution and intentional infliction of emotional distress. Judgment on the pleadings for defendants was affirmed by this court largely on the basis of the doctrine of finality of judgments. After holding that plaintiff's malicious prosecution action was defective in not alleging favorable termination of the first action, it went on to point out that in every case where a judgment had been obtained on the basis of false evidence, severe emotional distress would quite likely result therefrom. The court refused, however, to invalidate the vitality of the finality of judgments rule by permitting an intentional infliction of emotional distress action where one for malicious prosecution would not lie. Likewise, we find no basis in these circumstances for upsetting the judgment of the trial court dismissing this cause of action against the county.

Now we turn to the demurrer of Southern Pacific Transportation Company.

### Malicious Prosecution

Defendant first suggests that such an action is not favored in the law. This assertion, frequently found in the case law, must be read in light of these comments appearing in *Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 159 [114 P.2d 335, 135 A.L.R. 775]: "It is finally urged in support of the judgment that malicious prosecution suits are not favored. The frequency with which this statement is made in these cases calls attention to the need of some explanation. Properly applied, it means that public policy is in favor of the apprehension and punishment of criminals, and limits the person complaining of criminal charges by placing upon him the burden of proving the basic elements of the tort. These elements, viewed on the other side, furnish full

defenses to the public spirited accuser or prosecutor. But where the difficult burden of proof is met by the plaintiff, recovery is allowed. This being true, we should not be led so astray by the notion of a 'disfavored' action as to defeat the established rights of the plaintiff by indirection; for example, by inventing new limitations on the substantive right, which are without support in principle or authority, or by adopting stricter requirements of pleading than are warranted by the general rules of pleading. In brief, the public policy involved has properly served, over many years, to crystallize the limitations on the tort, and the defenses available to the defendant. Having served that purpose, it should not be pressed further to the extreme of practical nullification of the tort and consequent defeat of the other important policy which underlies it of protecting the individual from the damage caused by unjustifiable criminal prosecution. [Citations.]"

 Defendant's demurrer to this cause of action alleges a failure to set forth sufficient facts to constitute a cause of action in that the amended complaint shows by implication that plaintiff was held to answer after a preliminary hearing. This, defendant alleges, constitutes prima facie evidence of the existence of probable cause. (*Johnson* v. *Southern Pacific Co.* (1910) 157 Cal. 333, 339 [107 P. 611].)

That case involved an appeal from a plaintiff's judgment after trial for malicious prosecution. The question presented concerned the adequacy of the evidence as to probable cause to sustain that judgment. It did not involve the sufficiency of the pleadings. The court held that that prima facie evidence, coupled with ample other uncontradicted evidence of the existence of probable cause, required that the trial court should have granted a directed verdict for defendant.

We are concerned here with the sufficiency of the pleadings, and not of the evidence, which contend that this defendant and its agents at the time they initiated this criminal prosecution knew that plaintiff had been granted immunity by law enforcement officers and therefore lacked probable cause for such prosecution.

Probable cause in this context relates to the state of mind of the criminal complainant and not of the magistrate presiding at the preliminary hearing. The honesty and reasonableness of his beliefs at the time of initiating the criminal proceedings are the issue. The facts alleged, for the purpose of a demurrer, are deemed to be true. The facts pleaded are clear and understandable and allege the initiation of criminal proceedings in the face of knowledge that the prosecution could not succeed. This is an allegation of lack of probable cause. While the order holding plaintiff herein to answer is some evidence of the existence of probable cause, it is not sufficient for us to hold as a matter of law that this pleading is irrevocably defective.

The most difficult question presented by this demurrer, however, concerns the dual contentions by defendant that probable cause must only be measured by whether the criminal complainant reasonably and honestly believed in the "guilt" of the accused and, secondly, that the allegation of a favorable termination of the criminal proceedings can only be supported by a disposition which tends to indicate the "innocence" of the accused.

Defendant contends that a prior grant of immunity and a subsequent dismissal because of it cannot negate the former contention nor satisfy the latter.

■ There can be no quarrel with the proposition that a complaint for malicious prosecution must allege malice, lack of probable cause and a favorable termination of the prior proceedings. It cannot be disputed that prior case law has equated probable cause with an honest and reasonable belief in the truth of the charge.

■ Where specific facts as to malicious prosecution are set out, as here, it is a question of law as to whether those facts show a want of probable cause. (*Pulvermacher* v. *L. A. Co-ordinating Com.* (1943) 61 Cal.App.2d 704, 707-708 [143 P.2d 974].)

■ It is also true that "The theory underlying the requirements of favorable termination is that it tends to indicate the innocence of the accused, . . ." (*Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 150 [114 P.2d 335, 135 A.L.R. 775].) Hence, terminations which are consistent with guilt, such as dismissals purely on technical or procedural grounds, or attributable to actions of the accused are not sufficient. (*Ibid.*)

■ Our question then is this: May a cause of action for malicious prosecution lie where a criminal complaint has been instigated against one with full knowledge that that person has been granted prosecution immunity and where that criminal proceeding has subsequently been dismissed solely because of that prior grant of prosecution immunity?

We conclude that it does.

Although it is argued by defendant that immunity is only granted to guilty persons, this is not necessarily true. An innocent person may be aware of facts which, while they might tend to be incriminatory, are nevertheless insufficient to establish guilt. Such a person might well seek immunity in exchange for information in the hope of avoiding arrest and possible prosecution. But even if the person be guilty, it must not be forgotten that the grant of immunity was given in exchange for the surrender of his or her constitutional privilege against self-incrimination.

■ The giving of immunity by prosecution officials is not uncommon. Such a grant of general or limited immunity is within the district attorney's inherent powers and may be done without the formality of a Penal Code section 1324 proceeding. (*People* v. *Superior Court* (*Crook*) (1978) 83 Cal.App.3d 335, 339 [147 Cal.Rptr. 856].)

Law enforcement agencies will frequently give such immunity to one considered less culpable in exchange for information and assistance in apprehending and prosecuting others whose culpability is greater and without which they might go unpunished. Prosecutorial agencies have traditionally been willing to trade a minnow for a pike.

Additionally, Penal Code section 1324 provides for grants of judicial immunity to obtain answers from witnesses which answers might otherwise tend to incriminate them. The section provides that when such answers are court ordered and given, such person "shall not be prosecuted or subjected to penalty or forfeiture for or on account of any fact or act concerning which, . . . he was required to answer or produce evidence."

Whether the immunity be granted by the district attorney or by the court, it is given in behalf of the state. When given it is an absolute bar to such prosecution as may be encompassed within the grant.

■ We can conceive of no valid reason for permitting one to say in effect that he is well aware that prosecution is barred by reason of immunity but nevertheless that he is justified in filing criminal charges because he believes the accused is guilty.

No conceivable legitimate interest would be served by allowing arrest and incarceration with impunity in that situation. To the contrary, there would be neither reason nor incentive for a person to cooperate with and give information to law enforcement authorities.

■ Probable cause has always been judged by the standard of good faith. Thus, knowledge of facts sufficient to cause a reasonable person to believe an accused guilty is not enough if the accuser himself does not hold that belief. (*Franzen* v. *Shenk* (1923) 192 Cal. 572, 578-579 [221 P. 932].)

Likewise, in *Metzenbaum* v. *Metzenbaum* (1953) 121 Cal.App.2d 64, 68 [262 P.2d 596], where the court was satisfied that the defendant in a malicious prosecution case had had no faith in the purported legal theory upon which he had brought his prior civil case, the court held that want of probable cause in a civil proceeding exists when the circumstances are such as to satisfy a reasonable and prudent man that he had no ground for suing. He was therefore not acting in good faith.

By the same token it cannot be said that one is acting in the good faith sufficient to constitute probable cause where he knows, prior to filing a criminal complaint, that he has no valid ground for prosecution because the accused is immune to arrest and prosecution.

In *Jaffe* v. *Stone, supra,* 18 Cal.2d 146, 151-152, the court delineated the dichotomy between favorable and unfavorable terminations thusly: "The distinction is summed up in *Halberstadt* v. *New York Life Ins. Co., supra,* [194 N.Y. 1 (86 N.E. 801)], as follows: '. . . Where a criminal proceeding has been terminated in favor of the accused by judicial action of the proper court or official, in any way involving the merits or propriety of the proceeding; or by a dismissal or discontinuance based on some act chargeable to the complainant, as his consent or his withdrawal or abandonment of his prosecution,—a foundation in this respect has been laid for an action of malicious prosecution. The other and reverse rule is that, where the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties, or solely by the procurement of the accused as a matter of favor, or as the result of some act, trick, or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of such an action. The underlying distinction which leads to these different rules is apparent. In one case the termination of the proceeding is of such a character as establishes or fairly implies, *lack of a reasonable ground* for his prosecution. In the other case no such implication reasonably follows.'" (Italics added.)

It is clear that this dismissal was not based upon any agreement or settlement of the parties or by the receipt of grant or favor *in the instant criminal action.* The agreement had been made *before* the criminal complaint was filed and the accused arrested. The accused could reasonably expect that if he fulfilled his obligations to the sheriff's office that he would then be immune from such arrest and incarceration. There would then be no reasonable ground for his prosecution.

We conclude that the allegation of a favorable termination of the prior proceeding is sufficiently alleged where the pleaded dismissal based upon the bar of a known prior grant of immunity to the accused. That dismissal is an adjudication that the state had granted an immunity which eliminated any reasonable ground for prosecution. Likewise, an intentional disregard of knowledge of that immunity implies bad faith and a lack of probable cause.

Defendant further argues that the original complaint alleged that Doe defendants were agents of the county and therefore Southern Pacific Transportation Company is entitled to the same immunity from malicious prosecution as the county.

The complaint first charges that 40 Does are each responsible in some manner for the events which form the basis for the action. Then, in paragraph II, plaintiff states that "At all times herein mentioned, the defendants, JAMES BOWEN, DOES ONE and TWO, were the agents and employees of the defendants, COUNTY OF RIVERSIDE, DOES THREE and FOUR, and were acting within the purpose and scope of said agency and employment."

The placement of commas immediately after the word " 'defendants' " in each instance in paragraph II might cause one to believe that all 40 Does were alleged to be agents of the county as " 'defendants.' " However, if that was the intended meaning, there would have been no need to specifically allege that Bowen and Does One and Two were agents of the county. To the contrary, a plain reading of the material allegations would indicate an intention to assert only that Bowen and Does One and Two had an agency relationship to the county. Defendant Southern Pacific Transportation Company was subsequently served not as Doe One or Two but as Doe Ten. Hence, we conclude that the pleadings do not establish that defendant Southern Pacific Transportation Company is immune under Government Code section 821.6.

■ It is true, as contended by defendant, that plaintiff has not pleaded that acts of employees of defendant corporation were done with the knowledge or under the express direction or ratification of an officer, director or managing agent of the corporation so as to justify exemplary damages against the corporation. (Civ. Code, § 3294.) Hence, defendant's motion to strike allegations pertaining to exemplary damages in this cause of action should have been granted but the general demurrer should have been overruled.

*False Imprisonment*

This cause of action is barred by the statute of limitations.

Such action must be filed within one year of its accrual. (Code Civ. Proc., § 340, subd. (3).)

■ The cause of action accrues upon release from confinement. (*Collins* v. *County of Los Angeles, supra,* 241 Cal.App.2d 451, 455-456; *Milliken* v. *City of South Pasadena* (1979) 96 Cal.App.3d 834, 840 [158 Cal.Rptr. 409].)

Plaintiff was released from confinement no later than October 19, 1979. Even the original complaint in which defendant Southern Pacific Transportation Company was not named except as a Doe defendant was filed on April 20, 1981, more than one year from plaintiff's release from confinement.

Additionally, the complaint fails to state a cause of action for false imprisonment for the reasons stated hereinabove.

The order sustaining the demurrer to this cause of action without leave to amend was proper.

### Intentional Infliction of Emotional Distress

Defendant urges that this pleading fails to allege sufficient facts to state a cause of action.

"The important elements are that the act is intentional, that it is unreasonable, and that the actor should recognize it as likely to result in illness." (*Bowden* v. *Spiegel, Inc.* (1950) 96 Cal.App.2d 793, 795 [216 P.2d 571].)

The material pleading alleges in substance that the act of filing the criminal charges against plaintiff with knowledge of the prior grant of immunity was done intentionally, with wilful disregard of the consequences, maliciously and for the purpose of causing emotional and physical distress, with knowledge that such emotional and physical distress would increase, as they did.

Such pleading is sufficient to require defendant to answer.

Defendant complains that there is language in paragraph XIII of the amended complaint to the effect that in the criminal prosecution the county was "aided and abetted and used information supplied by Defendants William G. Peoples, Does Ten through Twenty, and Southern Pacific Transportation Company . . . ." and that such language indicates no actionable activity by such defendants.

This would be true if that allegation were the sole claimed basis for liability. It is not, as heretofore stated. When the cause of action is read as a whole, it is sufficient to withstand a demurrer.

Finally, the contention is made that both of the remaining causes of action are barred by the one-year statute of limitations. (Code Civ. Proc., § 340, subd. (3).)

Malicious prosecution involves an injury to the person and is subject to that statute. (*Storey* v. *Shasta Forests Co.* (1959) 169 Cal.App.2d 768 [337 P.2d 887, 70 A.L.R.2d 1086].)

██ That cause of action accrues at the time of entry of judgment of the underlying action in the trial court. (2 Witkin, Cal. Procedure (2d ed. supp. 1983) § 306, p. 140.) That occurred June 16, 1980.

██ The cause of action for intentional infliction of emotional distress is also subject to the one-year statute of limitations. (*Steen* v. *Whittington* (1935) 9 Cal.App.2d 445, 446-447 [50 P.2d 118].) ██ It likewise accrued no later than the termination of the criminal case.

As previously indicated, the original civil complaint was filed April 20, 1981. It alleged liability founded on emotional distress and false imprisonment against Detective Bowen and the County of Riverside. The only allegation that others may have had a part therein was language to the effect that the Doe defendants were "responsible in some manner for the events and happenings herein referred to, and caused injuries and damages . . . to the plaintiff as herein alleged."

Thereafter the defendant Southern Pacific Transportation Company was served with the complaint as Doe 10. Defendant's demurrer based on Code of Civil Procedure section 340, subdivision (3) was sustained with leave to amend. On March 3, 1983, plaintiff filed the amended complaint which is the subject of the present demurrer.

██ It is asserted that plaintiff's failure to name Southern Pacific Transportation Company as a defendant in the original complaint bars this proceeding because plaintiff knew at the time that the criminal complaint was filed by Gary Rogers, and that Rogers was a special investigator for the defendant company.[1] The use of a Doe defendant in that situation was a sham and may not be used to avoid the statute of limitations according to defendant. That plaintiff knew of the identity of Rogers is gained from plaintiff's admission of such in his August 31, 1981, deposition, judicial knowledge of which was taken by the court. (*Del E. Webb Corp.* v. *Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604 [176 Cal.Rptr. 824].)

██ An amendment adding the specific name of a Doe defendant makes the fictitiously named defendant a party for statute of limitation purposes as of the time the original complaint was filed just as though the true name had been stated therein. (*California State Auto. Assn. Inter-Ins. Bureau* v. *Cohen* (1975) 44 Cal.App.3d 387, 392 [118 Cal.Rptr. 890].)

---

[1] The amended complaint does not allege that Gary Rogers was the complaining witness and filed the criminal complaint. Rather, it alleges that the complaint was executed by the district attorney and sheriff's office of the County of Riverside.

However, the complaint, judicial notice of which was also taken by the court, shows that the complaint was signed by Gary Rogers and approved in writing by the district attorney.

The criminal complaint also shows that defendant William G. Peoples was named as alleged victim therein.

That plaintiff knew Gary Rogers was an investigator for defendant company when the original complaint was filed is not controlling if he was unaware of facts giving rise to a cause of action against Rogers or his employer at the time.

Such ignorance is justification for a late amendment. (*Mishalow* v. *Horwald* (1964) 231 Cal.App.2d 517, 521-522 [41 Cal.Rptr. 895].)

Nor is it unreasonable to believe that plaintiff was unaware that Rogers and defendant company knew of the earlier grant of immunity when he filed his initial civil complaint herein since in paragraph XIV of the amended complaint plaintiff, for the first time, alleges that the acts of defendant Southern Pacific Transportation Company and its agents were done intentionally, maliciously and with the knowledge that plaintiff had previously been granted immunity. This new allegation of the basis for responsibility justifies the substitution of defendant Southen Pacific Transportation Company for Doe Ten for pleading purposes. There is nothing in these pleadings to suggest that plaintiff's ignorance of facts constituting a cause of action is feigned and not real.

### Disposition

The judgment is reversed as to the first and third causes of action against defendant Southern Pacific Transportation Company. It is directed that defendant's motion to strike allegations of exemplary damages be granted as to the first and third causes of action. In all other respects the judgment is affirmed.

Defendant County of Riverside shall recover its costs on appeal. Plaintiff shall recover one half of his costs on appeal from defendant Southern Pacific Transportation Company.

Kaufman, Acting P. J., and Rickles, J., concurred.

A petition for a rehearing was denied March 30, 1984, and the opinion was modified to read as printed above.