Richard Anthony TUCKER,
Plaintiff—Appellant,

v.

D.J. MOELLER, # 26148 in both their personal and official capacities; Does, 1 Through 100, inclusive; City of Los Angeles, Defendants—Appellees.

No. 01–57085.

D.C. No. CV–97–03516–WJR/BQR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2003.

Decided March 31, 2003.

Before PREGERSON, THOMAS, Circuit Judges, and JORGENSON, District Judge.*

MEMORANDUM **

Richard Tucker appeals the judgment of the district court. We affirm. Because

---

* The Honorable Cindy Jorgenson, United States District Judge for the District of Arizona, sitting by designation.

the parties are familiar with the factual and procedural history of this case, we will not recount it here in detail. However, we note that this is the second time we have considered this case on appeal. In the first appeal, we reversed the grant of summary judgment because of the existence of genuine issues of material fact concerning the arrest. Those fact issues have now been resolved by a jury.

■ Based on the facts as they have now been determined, we concluded that Tucker's rights under the Fourth Amendment were not infringed by his arrest. Because statutes are presumed to be constitutional until judicially declared otherwise, an arrest made with probable cause in reliance upon a statute thereafter declared unconstitutional on its face or as applied is usually valid and will not give rise to an action under § 1983. *See Michigan v. DeFillippo*, 443 U.S. 31, 38, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979) ("The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality."); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (Police officer should be excused from liability under § 1983 for false arrest and imprisonment for making arrest under statute that he reasonably believed to be valid but was later held unconstitutional on its face or as applied).

No court has yet declared Los Angeles Municipal Code § 55.10 unconstitutional; thus, the officer did not commit an unconstitutional act by acting in reliance upon the ordinance. Given that the officer was entitled to a reasonable belief as to the ordinance's constitutionality and that the jury found that the knife was in plain view, probable cause existed for the arrest. Therefore, Tucker's constitutional rights were not infringed, and the district court was correct in granting summary judgment on his § 1983 claims.

■ The district court dismissed Tucker's state law claims as untimely. Under California law, personal injury claims against public entities must be presented "not later than 6 months after the accrual of the action." Cal. Gov't Code § 911.2. The district court based its conclusion that the claims were time-barred on theory that the claims accrued when Tucker was incarcerated. However, under California law, the relevant causes of action accrue upon release from custody, not from the date of initial incarceration. *See Scannell v. County of Riverside*, 152 Cal.App.3d 596, 199 Cal.Rptr. 644, 648 (1984) (tolling cause of action for § 911.2 purposes from date of plaintiff's release from custody); *Milliken v. City of South Pasadena*, 96 Cal.App.3d 834, 158 Cal.Rptr. 409, 412 (1979) ("Although a cause of action arose at the time of arrest and initial imprisonment, the statute of limitations did not commence to run until appellant's discharge from jail."); *Collins v. County of Los Angeles*, 241 Cal. App.2d 451, 455, 50 Cal.Rptr. 586 (1966) (date of release from custody determined accrual of the action). Thus, the district court erred in dismissing the state law claims with prejudice.

In sum, we affirm the judgment of the district court on the federal claims and reverse the dismissal with prejudice on the state law claims. We need not, and do not, reach any other issue presented by the parties. Nothing in this disposition should be read as precluding the district court from declining to exercise supplemental jurisdiction over the remaining state law claims upon remand. *See Patel v. City of San Bernardino*, 310 F.3d 1138, 1142 n. 6 (9th Cir.2002) ("On remand, the district court should first consider whether to exercise supplemental jurisdiction over the plaintiffs' state law claim. If it does not, it should dismiss that claim without preju-

dice."). Each party shall bear their own costs on appeal.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. 34(a)(2).

** Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.