TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-505 |
| of | : | |
| | : | October 24, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE BRUCE THOMPSON, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following questions:

1. May Federal Protective Service officers who have been appropriately trained take law enforcement actions to enforce state or local laws while away from federal property with respect to (a) state offenses committed in their presence that pose a serious threat to persons and property, (b) assistance to state and local law enforcement officers upon request, (c) the arrest of persons and the search of property in obedience to a lawful warrant, and (d) offenses committed in their presence that do not pose a threat to persons or property but an immediate response is necessary to prevent escape?

2. If so, may the officers, while in uniform, use marked police vehicles and other emergency equipment to enforce state or local laws?

3. May the powers of arrest granted to Federal Protection Service officers to enforce state or local laws be exercised while the officers are off duty?

4. May the exercise of state powers of arrest by Federal Protective Service officers subject the officers to civil liability?

CONCLUSIONS

1. Federal Protective Service officers who have been appropriately trained may take law enforcement actions to enforce state or local laws while away from federal property with respect to (a) state offenses committed in their presence that pose a serious and immediate threat to persons and property and (b) assistance to state and local law enforcement officers upon request; however, they may not take law enforcement actions for (c) the arrest of persons and the search of property in obedience to a lawful warrant or (d) offenses committed in their presence that do not pose a threat to persons or property even though an immediate response is necessary to prevent escape.

2. The officers, while in uniform, may not use marked police vehicles and other emergency equipment to enforce state or local laws except upon request and under the direction of a California law enforcement agency.

3. The powers of arrest granted to Federal Protective Service officers to enforce state or local laws may be exercised while the officers are off duty when requested by a California law enforcement agency to be involved in a joint task force or criminal investigation or when probable cause exists to believe there is a public offense that involves immediate danger to persons or property.

4. The exercise of state powers of arrest by Federal Protective Service officers in enforcing state or local laws may subject the officers to civil liability; however, limited immunity is provided by statute.


ANALYSIS

The four questions presented for analysis concern the authority of United States Federal Protective Service ("FPS") officers to take law enforcement actions while away from federal property. FPS officers provide law enforcement services on non-military federal properties, such as federal court buildings, Internal Revenue Service buildings, Immigration and Naturalization centers, and Social Security offices. They are authorized under federal law to make arrests for federal offenses and to carry firearms. (40 U.S.C. § 318.) They hold federal "police positions" and are trained in various aspects of police work, including the use of firearms. (*Jarecki* v. *United States* (7th Cir. 1979) 590 F.2d 670.)

The issues to be resolved require an examination and interpretation of the provisions of Penal Code section 830.8. **Footnote No. 1** Section 830.8 states:

"(a) Federal criminal investigators and law enforcement officers are not California peace officers, but may exercise the powers of arrest of a peace officer in any of the following circumstances:

"(1) Any circumstances specified in Section 836 or Section 5150 of the Welfare and Institutions Code for violations of state or local laws.

"(2) When these investigators and law enforcement officers are engaged in the enforcement of federal criminal laws and exercise the arrest powers only incidental to the performance of these duties.

"(3) When requested by a California law enforcement agency to be involved in a joint task force or criminal investigation.

"(4) When probable cause exists to believe there is any public offense that involves immediate danger to persons or property.

"In all of these instances, the provisions of Section 847 shall apply. These investigators and law enforcement officers, prior to the exercise of these arrest powers, shall have been certified by their agency heads as having satisfied the training requirements of Section 832, or the equivalent thereof.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

In analyzing the language of section 830.8, we note preliminarily that federal officials are not, by virtue of their powers under federal law, peace officers in California. (*People* v. *Monteverde* (1965)

236 Cal.App.2d 630, 644 ["the federal agents had no authority as such to arrest [defendant], because he was not accused of violating any federal law"].) While state peace officers may make arrests for violations of federal laws, that is because federal laws are effective throughout the country and the supremacy clause of the Constitution of the United States makes them a part of the law of each state. (66 Ops.Cal.Atty.Gen. 497, 499-500 (1983).) State peace officers and federal officers derive their powers from the authority of different and independent governments. (See *Printz* v. *United States* (1997) 521 U.S. ___ [138 L.Ed.2d 914].) It is the prerogative of California to "prescribe the qualifications of its officers and the manner in which they shall be chosen." (*Cabell* v. *Chavez-Salido* (1982) 454 U.S. 432, 440, fn. 7.) Therefore, federal officers have only such powers to enforce California laws as the State of California has conferred upon them.

We are given that the FPS officers in question have been appropriately trained, i.e., they "have been certified by their agency heads as having satisfied the training requirements of Section 832, or the equivalent thereof." (§ 830.8, subd. (a).) Subdivision (a) of section 832 specifies that "[e]very . . . peace officer shall satisfactorily complete an introductory course of training prescribed by the Commission on Peace Officer Standards and Training."

Two other statutes referenced in section 830.8 require mention. Subdivision (a) of section 836 provides:

"A peace officer may arrest a person in obedience to a warrant, or, pursuant to the authority granted to him or her by [sections 830-832.9], without a warrant, may arrest a person whenever any of the following circumstances occur:

"(1) The officer has reasonable cause to believe that the person to be arrested has committed a public offense in the officer's presence.

"(2) The person arrested has committed a felony, although not in the officer's presence.

"(3) The officer has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed."

Section 847 states:

". . . There shall be no civil liability on the part of, and no cause of action shall arise against, any peace officer or federal criminal investigator or law enforcement officer described in subdivision (a) or (d) of Section 830.8, acting within the scope of his or her authority, for false arrest or false imprisonment arising out of any arrest when any one of the following circumstances exist:

"(a) The arrest was lawful or when the peace officer, at the time of the arrest had reasonable cause to believe the arrest was lawful.

"(b) When the arrest was made pursuant to a charge made, upon reasonable cause, of the commission of a felony by the person to be arrested.

"(c) When the arrest was made pursuant to the requirements of Section 142, 838, or 839." **Footnote No. 2**

With these statutory provisions in mind, we address each of the four questions in turn.

1.    General Peace Officer Powers

The first question to be resolved is whether FPS officers may exercise their section 830.8 authority while away from federal property with respect to (a) state offenses committed in their presence that pose a serious threat to persons and property, (b) assistance to state and local law enforcement officers upon request, (c) the arrest of persons and the search of property pursuant to a lawful warrant, and (d) offenses committed in their presence that do not pose a threat to persons or property but an immediate response is necessary to prevent escape. We conclude that they may exercise their section 830.8 powers of arrest in the first two situations but not in the latter two situations.

With respect to state offenses committed in the presence of FPS officers that pose a serious threat to persons and property, subdivision (a)(4) of section 830.8 is controlling. It allows the exercise of arrest powers "[w]hen probable cause exists to believe that there is any public offense that involves immediate danger to persons or property." Of course, the serious threat to persons and property must be "immediate" to come within the grant or authority of subdivision (a)(4).

With respect to assistance to state and local law enforcement officers upon request, the terms of section 830.8, subdivision (a)(3) govern. The powers of arrest granted in section 830.8 may be exercised under this subdivision provision "[w]hen requested by a California law enforcement agency to be involved in a joint task force or criminal investigation." The request for the assistance of a federal officer by state or local law enforcement officials would indicate the need for a joint action in a criminal investigation. **Footnote No. 3**

With respect to the arrest of persons and the search of property pursuant to a lawful warrant, we find that the terms of section 830.8 are ambiguous. Subdivision (a)(1) of section 830.8, when read in conjunction with the introductory sentence, appears to give federal officers the right to "exercise the powers of arrest of a peace officer" in "[a]ny circumstances specified in Section 836 . . . for violations of state or local laws." Section 836, in turn, spells out the power of California peace officers to make arrests (1) pursuant to a warrant, or (2) without a warrant when the officer has reasonable cause to believe that the person to be arrested has committed a felony, or (3) without a warrant if the officer has reasonable cause to believe that the person to be arrested has committed a public offense (i.e., a felony, misdemeanor, or infraction) in the officer's presence.

If so read, subdivision (a)(1) would give to federal officers the same powers as California peace officers in all circumstances where a California peace officer may lawfully make an arrest. However, that interpretation would render subdivision (a)(2), (a)(3), and (a)(4) surplusage. If a federal officer could make an arrest whenever a California peace officer could do so, there would be no need for a separate authorization to arrest when the federal officer is engaged in enforcing federal laws (§ 830.8, subd. (a)(2)), or pursuant to a request of a California law enforcement agency (§ 830.8 subd. (a)(3)), or when probable cause exists to believe that a public offense has been committed involving the immediate danger to persons or property (§ 830.8, subd. (a)(4)). Indeed, the authorization in subdivision (a)(4) makes virtually no sense if it is taken literally, since it would authorize arrests for public offenses, including misdemeanors or infractions, **Footnote No. 4** without requiring the offense to be committed in the officer's presence. That would afford greater powers to a federal officer than section 836 grants to California peace officers.

"Where reasonably possible, we avoid statutory constructions that render particular provisions superfluous or unnecessary." (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 459.) "Every word, phrase, and sentence in a statute should, if possible, be given significance." (*Larson* v. *State Personnel Bd.* (1994) 28 Cal.App.4th 265, 276.) "In construing a statute, a court may consider the consequences that would follow from a particular construction and will not readily imply an unreasonable legislative purpose. Therefore a practical construction is preferred." (*California Correctional Peace Officers Assn.* v. *State Personnel Bd.* (1995) 10 Cal.4th 1133, 1147.)

We have examined in detail the legislative history of section 830.8, particularly concerning the amendment of subdivision (a)(1) in 1994. (Stats. 1994, ch. 424, § 1.) It is abundantly clear that the

Legislature at no time intended to give federal officers the same authority to enforce state and local laws as it granted to California peace officers. Indeed, the Legislative Counsel's Digest stated with respect to the proposed legislation:

> "This bill would provide that these [federal] investigators and law enforcement officers are not California peace officers, but may exercise the powers of arrest of a peace officer under specified circumstances for violations of state or local laws or when these investigators and law enforcement officers are engaged in the enforcement of federal criminal laws and exercise arrest powers only incidental to the performance of these duties, when requested by a California law enforcement agency to be involved in a joint task force or criminal investigation, or when probable cause exists to believe there is any public offense that involves immediate danger to persons or property."

"When interpreting a statute our primary task is to determine the Legislature's intent." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) "`Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent.'" (*Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268.) "Explanatory comments in the [Legislative Counsel's] Digest may appropriately be considered by courts to determine legislative intent if the language of a statute is ambiguous." (*Billings* v. *Health Plan of America* (1990) 225 Cal.App.3d 250, 257, fn. 3.)

We believe the Legislative Counsel's Digest correctly sets forth the Legislature's intent, which was to grant federal law enforcement officers the powers of arrest of a California peace officer in limited circumstances, not in all instances. Section 830.8, subdivision (a)(1) cannot be read to allow federal officers the right to make arrests for violations of California laws whenever a California peace officer may do so. Rather, the federal officers may exercise the powers of arrest granted to California peace officers under section 836 only when the circumstances set forth in section 830.8, subdivision (a)(2), (a)(3), or (a)(4) exist. This interpretation is consistent with the expressed intent of the Legislature and gives effect to the language in subdivision (a)(2) and (a)(3) which otherwise would be surplusage if federal officers could always exercise the powers of arrest of California peace officers. It also provides a reasonable and practical construction of subdivision (a)(4), which limits the circumstances under which a federal officer may make an arrest based upon probable cause.

Accordingly, the existence of a valid arrest warrant or search warrant, in and of itself, does not give rise to a section 830.8, subdivision (a)(2), (a)(3), or (a)(4) situation. (See also §§ 814, 1528, 1529; *People* v. *Emanuel* (1978) 87 Cal.App.3d 205.) Of course, an FPS officer may assist a state or local law enforcement officer upon request in serving a warrant. (See §§ 830.6, subd. (c); 830.8, subd. (a)(3); *People* v. *Superior Court (Meyers)* (1979) 25 Cal.3d 67.)

Finally, with respect to offenses committed in the presence of FPS officers that do not pose a threat to persons or property, we again find a lack of statutory authority to make an arrest. **Footnote No. 5** Subdivision (a)(4) of section 830.8 requires that the offense involve "immediate danger to persons or property" in order for the FPS officer to make the arrest. Neither subdivision (a)(2) or (a)(3) is invoked by the factual situation, and subdivision (a)(1), as we have seen, is triggered only upon the existence of a subdivision (a)(2), (a)(3), or (a)(4) situation.

In answer to the first question, therefore, we conclude that FPS officers who have been appropriately trained may take law enforcement actions to enforce state or local laws while away from federal property with respect to (a) state offenses committed in their presence that pose a serious and immediate threat to persons and property and (b) assistance to state and local law enforcement officers upon request; however, they may not take law enforcement actions for (c) the arrest of persons and the search of property in obedience to a lawful warrant or (d) offenses committed in their presence that do not pose a threat to persons or property even though an immediate response is necessary to prevent escape.

to persons or property even though an immediate response is necessary to prevent escape.

### 2. Marked Police Vehicles

The second question presented concerns whether the FPS officers may use marked police vehicles and other emergency equipment when taking law enforcement actions to enforce state or local laws pursuant to section 830.8. We conclude that they generally may not.

Vehicle Code section 165 provides:

"An authorized emergency vehicle is:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) Any publicly owned vehicle operated by the following persons, agencies, or organizations:

"(1) Any federal, state, or local agency, department, or district employing peace officers as that term is defined in [sections 830-832.9] for use by those officers in the performance of their duties."

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Authorized emergency vehicles may carry and use emergency equipment such as flashing lights (Veh. Code, § 25251), spotlights (Veh. Code, § 24404), and sirens (Veh. Code, § 27002). With regard to "marked police vehicles," we note that vehicles used for the enforcement of traffic laws must meet certain requirements as to color. (Veh. Code, § 40800; Cal. Code Regs., tit. 13, § 1141.)

FPS officers are not peace officers as that term is defined in sections 830-832.9. (§ 830.8, subd. (a).) Nothing in section 830.8 authorizes FPS officers to use marked police vehicles or other emergency equipment when enforcing state or local laws. We know of no other statutory provision that authorizes FPS officers to operate marked police vehicles or other emergency equipment in the described circumstances. Of course, when state or local law enforcement officers are being assisted by FPS officers upon request (§ 830.8, subd. (a)(3)), emergency vehicles and equipment may be used under the direction of the state or local law enforcement officers.

We thus conclude in answer to the second question that under California law, FPS officers, while in uniform, may not use marked police vehicles or other emergency equipment to enforce state or local laws except upon request and under the direction of a California law enforcement agency.

### 3. Off-Duty Hours

The third question presented concerns whether FPS officers may exercise their section 830.8 powers of arrest while off duty to enforce state or local laws. We conclude that they may do so when assisting state or local law enforcement officers upon request or when probable cause exists to believe that an offense has been committed that involves immediate danger to persons or property.

The key statutory provisions are, again, subdivision (a)(3) and (a)(4) of section 830.8. **Footnote No. 6** These provisions are not limited to certain times, but to specified situations. They are not concerned with the working hours of the federal officers. For example, if a duly certified federal officer has probable cause to believe that a public offense has been committed that involves the immediate danger to persons or property, it would make little sense to allow the officer to make an arrest only while on duty. Section 830.8, subdivision (a)(3) and (a)(4) specify situations in which the powers of arrest are extended to federal officers because of exigent circumstances. Neither the qualifications of the federal officer nor the

need for federal assistance is dependent upon the duty status of the officer.

We conclude in answer to the third question that the powers of arrest granted to FPS officers to enforce state or local laws may be exercised while the officers are off duty only when requested by a California law enforcement agency to be involved in a joint task force or criminal investigation or when probable cause exists to believe there is any public offense that involves immediate danger to persons or property.

## 4. Civil Liability

The fourth question concerns whether FPS officers would be subject to civil liability when acting to enforce state or local laws pursuant to the terms of section 830.8. We conclude that immunity from civil liability is provided by statute, but that liability may be imposed when the statutory requisites are not met.

Certain immunities from liability are provided by statute to California peace officers. When a federal officer is acting under the authorization of section 830.8, "the provisions of Section 847 shall apply." (§ 830.8, subd. (a).) As previously quoted, section 847 grants immunity to federal officers described in subdivision (a) of section 830.8 when acting within the scope of their authority in specified circumstances. If the requisites of the statute are not met, civil liability may be imposed. (See *McKay* v. *County of San Diego* (1980) 111 Cal.App.3d 251.)

Generally, peace officers may be held civilly liable for the personal injuries they cause while performing their duties. (Cal. Government Tort Liability Practice (Cont.Ed.Bar 1992) § 2.55, pp. 126-128.) A federal officer acting under *federal* law may be held liable for violating the constitutional rights of an arrested person. (*Bivens* v. *Six Unknown Fed. Narcotics Agents* (1971) 403 U.S. 388.) A person acting under color of *federal* law may not be held liable for damages under the Civil Rights Act (42 U.S.C. § 1983), but a federal officer who acts under color of *state* law is subject to liability under that act. (*Terrell* v. *Petrie* (E.D. Va. 1991) 763 F.Supp. 1342, affd. 952 F.2d 397.) An arrest without probable cause or with unreasonable force may result in such liability. (*McKenzie* v. *Lamb* (9th Cir. 1984) 738 F.2d 1005.)

A federal officer acting pursuant to the terms of section 830.8 is protected from civil liability as specified in section 847. **Footnote No. 7** We conclude that the exercise of state powers of arrest by FPS officers in enforcing state or local laws may subject the officers to civil liability; however; limited immunity is provided by statute.

* * * * *

**Footnote No. 1**
All references hereafter to the Penal Code are by section number only.
**Footnote No. 2**
Welfare and Institutions Code section 5150 is also referenced in section 830.8 but it deals with taking into custody persons disabled as a result of a mental disorder, and not with the general powers of peace officers to enforce state and local laws.
**Footnote No. 3**
We note also that federal officers may enforce state laws on property adjacent to federal property with the written permission of the head of the local law enforcement agency (§ 830.8, subd. (b)), and may exercise the powers of arrest of California peace officers during a state of war or emergency when assisting California law enforcement officers in carrying out emergency operations (§ 830.8, subd. (d)).
**Footnote No. 4**
We have no doubt that there are misdemeanors and infractions which involve immediate danger to persons or property, such as driving under the influence of alcohol or drugs (Veh. Code, § 23152) or throwing a lighted cigarette from a vehicle (Veh. Code, § 23111).
**Footnote No. 5**

We are not concerned here with the power of an individual to make a citizen's arrest. (See §§ 834, 837.)

**Footnote No. 6**

Since we are given that the officers would be "off-duty," subdivision (a)(2) of section 830.8, applicable when the "officers are engaged in the enforcement of federal criminal laws," need not be examined.

**Footnote No. 7**

We note that other immunities are provided to California peace officers under the terms of Civil Code section 43.55 and Government Code section 820.4.