Filed 7/3/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| NICHOLAS TORRES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS<br>AND REHABILITATION,<br><br>    Defendant and Respondent. | 2d Civil No. B242586<br>(Super. Ct. No. 56-2011-00405258-CU-<br>PO-VTA)<br>(Ventura County) |

The traditional function of a petition for writ of habeas corpus is to test the legality of actual governmental restraint of the person. Formerly, there was a requirement of actually physical confinement. Our California Supreme Court "relaxed" this rule and designed the concept of "constructive custody" to allow a parolee, who was not actually physically confined to prosecute the writ. (*In re Marzec* (1945) 25 Cal.2d 794; see also 3 Witkin & Epstein Cal. Criminal Law (3d ed. 2000) Criminal Writs, § 14, pp. 533-534.) The "constructive custody" concept was not designed to afford a person the tolling of the time to file a tort claim and it would take a herculean leap in logic to "stretch" this concept to so hold. We decline the invitation.

` Nicholas Torres appeals from a judgment on demurrer, dismissing his civil complaint for false imprisonment against the California Department of Corrections and Rehabilitation (CDCR). Appellant claims he was falsely imprisoned when he was detained on an alleged parole violation after his parole expired by operation of law. The trial court concluded that the action was barred by the Government Claims Act (Gov. Code, § 911.2,

subd. (a))[1] and section 845.8 which immunizes CDCR from damages arising from the erroneous revocation of parole.  We affirm.

*Factual & Procedural History*

On October 16, 2003, appellant was convicted by plea of lewd act on a child under the age of 14 (Pen. Code, § 288, subd. (a)) and sentenced to three years state prison. He was released on parole on November 22, 2005.

In October 2007, appellant was charged with failure to register as a sex offender and returned to custody.  The Board of Parole Hearings (BPH) found that appellant failed to register as a sex offender, revoked parole on November 6, 2007, and ordered appellant to serve seven months.  He was again released on parole April 29, 2008.

On July 7, 2008, appellant filed a petition for writ of habeas corpus challenging the November 6, 2007 parole revocation.  The superior court granted the petition because appellant was not permitted to call a witness at the BPH hearing.  Vacating the November 6, 2007 decision, the superior court directed BPH to conduct a new revocation hearing.  It did so on January 6, 2009 and concluded there was insufficient evidence that appellant failed to register as a sex offender.

Appellant was released from custody pending review of a new charge that he was not participating in sex offender counseling at a parole outpatient clinic.  On February 25, 2009, BPH determined that appellant violated the parole condition, revoked parole, and ordered appellant to serve five months. On March 2, 2009, while appellant was still in custody, BPH determined there was good cause to retain appellant on parole.  Appellant was released on parole four months later on July 9, 2009.

On June 2, 2009, appellant filed a new petition for writ of habeas corpus alleging that his parole expired in 2008 and that BPH lacked jurisdiction to revoke parole in February 2009 or retain appellant on parole.  (*In re Nicholas Torres*, Super. Ct. Los Angeles County, Case No. PV000319.)  After the superior court denied the petition, appellant refiled the habeas petition in the Court of Appeal.  (B221187.)  On July 15, 2010, the Court of

---

[1] All statutory references are to the Government Code unless otherwise stated.

2

Appeal granted habeas relief on the theory that appellant's parole expired by operation of law in December 2008. (*In re Torres* (2010) 186 Cal.App.4th 909, 912.) The court concluded that BPH lost jurisdiction to revoke parole because appellant "was continuously on parole for three years since release from confinement" and no decision was made to retain appellant on parole during the 30-day review period described in Penal Code section 3001, subdivision (a).[2] (*Ibid.*)

Thereafter, on October 4, 2010, appellant filed a tort claim which was denied. He then filed a lawsuit alleging false imprisonment, negligence per se, negligence, and negligent and intentional infliction of emotional distress. CDCR filed a demurrer which was sustained without leave to amend. The trial court ruled that the action was barred by the failure to file a timely government claim (§ 911.2, subd. (a)) and by the discretionary immunity provisions of section 845.8.

*Timely Claim Requirement*

On appeal, we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) Appellant concedes that a civil claim for damages must be presented to the California Victim Compensation and Government Claims Board no later than six months after the cause of action accrues. (§ 945,4; *Castaneda v. Department of Corrections & Rehabilitation* (2013) 212 Cal.App.4th 1051, 1061.) It is settled that a cause of action for false imprisonment accrues on the person's release from incarceration. (*Scannell v. County of Riverside* (1984) 152 Cal.App.3d 596, 606 [false imprisonment does not continue after release on bail].)

It is uncontroverted that appellant was released from physical custody on July 2, 2009, and filed a $5 million government claim over a year later on October 4, 2010. Appellant asserts that notwithstanding his release from physical custody, he was in

---

[2] Former Penal Code section 3001, subdivision (a) provided that a felon who has been imprisoned for committing a violent felony and "has been released on parole continuously for three years since release from confinement" must be discharged within 30 days from the three-year anniversary, unless CDCR recommends to the BPH "that the person be retained on parole and the board, for good cause, determines that the person will be retained."

"constructive custody" until October 15, 2010, when he was released from parole supervision and his GPS tracking bracelet was removed. This imaginative theory has no support in the decisional law and there is no good reason to append this theory to the California Tort Claims Act. Our courts have rejected similar arguments, holding that a false imprisonment cause of action accrues upon the plaintiff's release from physical confinement. (*Collins v. County of Los Angeles* (1966) 241 Cal.App.2d 451, 456-457; *Scannell v. County of Riverside, supra,* 152 Cal.App.3d at p. 606.) "[Appellant's] cause of action, if any, for false imprisonment was complete upon his release from custody even though additional damages may have occurred later." (*Ibid*.)

The premise to this "constructive custody" theory is that parole supervision and/or the wearing of GPS tracking bracelet is tantamount to actual custody. We believe that no person, in or out of physical custody, would agree to this premise. The difference is dramatic. Incarceration at the local, state, or federal level is a deprivation of physical freedom. Release on parole supervision even with a GPS tracking bracelet is not a deprivation of physical freedom.

The "constructive custody" concept, for purposes of habeas corpus law, serves the laudatory purpose of allowing a criminal defendant access to the courts and to have a declaration of the rights and liabilities attendant to conviction and sentence. This concept has no application to proposed civil lawsuits against the government. First, sovereign immunity is the rule. The Legislature has created the exclusive manner as to when and how the state may be sued. The appellate courts should be loathe to tinker with the statutory scheme in a way not reasonably contemplated by the Legislature. Second, the time limitation for the filing of a claim against the state is designed to thwart the filing of stale claims. Under appellant's construction of the Tort Claims Act, a cause of action for false imprisonment is tolled until the entire parole period has expired.

The causes of action for negligence and infliction of emotional distress accrued when appellant " 'has reason at least to suspect a factual basis for . . . [the cause of action.' " (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807.) That was June 2, 2009, when appellant filed the habeas petition alleging that he was wrongfully detained after

4

his parole expired. (*In re Nicholas Torres*, Super. Ct. Los Angeles County, Case No. PV000319.) Appellant did not present the government claim until October 4, 2010, more than a year later. The failure to file a timely claim precludes the filing of the lawsuit. (§ 945.4; *State of California v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1237.)

*Section 845.8 Immunity*

The trial court sustained the demurrer on the alternative ground that the complaint was barred by section 845.8 which provides: "Neither a public entity nor a public employee is liable for: [¶] (a) Any injury resulting from determining whether to parole or release a prisoner or from determining the terms and conditions of his parole or release or from determining whether to revoke his parole or release." The trial court found that appellant "was returned to custody based on a decision (an admittedly erroneous decision) to revoke his parole."

Penal Code section 3001, which specifies rules for discharge from parole, does not create civil liability for "failure" to timely discharge a prisoner from parole, and it does not trump section 845.8 immunity. Even if we were to assume that Penal Code section 3001 creates a statutory liability, Government Code section 815, subdivision (b) requires that statutory liabilities be subordinated to statutory immunities. (*Harshbarger v. City of Colton* (1988) 197 Cal.App.3d 1335, 1340-1341.)

Section 845.8 has been broadly construed to immunize state officers who, in exercise of their discretion; detain, arrest, or re-incarcerate a person on the mistaken belief the person is actively on parole. (*Perez-Torres v. State of California* (2007) 42 Cal.4th 136, 142.) The decision to re-incarcerate appellant was not "ministerial" for which there may be no immunity. (*Id.* at pp. 143-144.) "In *Swift v. Department of Corrections* (2004) 116 Cal.App.4th 1365, plaintiff was arrested for a parole violation even though his parole expired four years earlier. Plaintiff sued CDCR for false imprisonment and negligence. The Court of Appeal held that the action was barred by section 845.8 because plaintiff was incarcerated before any determination was made that his parole had expired. (*Id.*, at p. 1372, disapproved on other grounds in *Perez-Torres v. State of California*, *supra*, 42 Cal.4th at p. 145, fn. 4.)

5

Like *Swift,* appellant's complaint is based on a parole re-incarceration that occurred before it was determined, in a habeas corpus proceeding, that his parole had expired. Section 845.8 immunity applies. No facts are alleged that CDCR detained appellant after the Court of Appeal determined that BPH no longer had jurisdiction to retain appellant on parole. (See *Perez-Torres v. State of California*, *supra,* 42 Cal.4th at p. 145.)

Although the complaint sounds in negligence, there is no common law tort liability for public entities in California. (*In re Groundwater Cases* (2007) 154 Cal.App.4th 659, 688.) Sovereign immunity is the rule and a public entity may be held liable only if there is a statute subjecting it to civil liability. (*Ibid.*) To hold otherwise would contradict the Legislature's mandate that "except as otherwise provided by statute [¶] . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity. . . ." (§ 815, subd. (a).)

Where, as here, there is no liability as a matter of law, the demurrer should be sustained without leave to amend. (*Haskins v. San Diego County Dept. of Welfare* (1980) 100 Cal.App.3d 961, 965.) Appellant makes no showing that the complaint can be amended to overcome the Tort Claims Act bar (§ 945.4) or section 845.8 statutory immunity. (*Blank v. Kirwan* (1985) 39 Cal. 3d 311, 318.)

The judgment (order sustaining demurrer) is affirmed. CDCR is awarded costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

6

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

John E. Sweeney & Associates, for Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Vickie P. Whitney, Supervising Deputy Attorney General, Jose A. Zelidon-Zepeda, Deputy Attorney General, for Plaintiff and Respondent.