Filed 3/24/21  Wheeler v. Sahni CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>NAMEETA SAHNI et al.,<br><br>  Defendants and Respondents. | D076967<br><br> (Super. Ct. No.<br>  37-2019-00012041-CU-NP-CTL)<br><br>ORDER DENYING REHEARING<br>& MODIFYING THE OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The petition for rehearing is denied.

It is ordered that the opinion filed herein on February 26, 2021, be modified as follows:

The words "operative second amended" are removed from the second sentence of the first full paragraph on page one so that the sentence now reads:

> "He appeals from a judgment of dismissal entered after the court sustained a demurrer to all causes of action in his complaint without leave to amend."

There is no change in the judgment.

O'ROURKE, Acting P. J.

Copies to:  All parties

Filed 2/26/21  Wheeler v. Sahni CA4/1 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>NAMEETA SAHNI et al.,<br><br>    Defendants and Respondents. | D076967<br><br><br>(Super. Ct. No.<br> 37-2019-00012041-CU-NP-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.

Eric Wheeler, in pro. per., for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Monica N. Anderson, Senior Assistant Attorney General, Neah Huynh and Andrew M. Gibson, Deputy Attorneys General, for Defendants and Respondents.

Eric Wheeler is a self-represented litigant incarcerated at Richard J. Donovan Correctional Facility.  He appeals from a judgment of dismissal entered after the court sustained a demurrer to all causes of action in his operative second amended complaint without leave to amend.  Respondents are three psychologists employed by the California Department of Corrections

and Rehabilitation.  Wheeler contends:  (1) respondents are not entitled to immunity under Civil Code section 47, subdivision (b) and Government Code sections 820.2, 845.8, and 855.8, as the Information Practices Act of 1977 (IPA; Civ. Code, § 1798 et seq.)[1] applies and is mandatory; and (2) his claims are not barred by the favorable termination doctrine set forth in *Heck v. Humphrey* (1994) 512 U.S. 477 (*Heck*) and *Yount v. City of Sacramento* (2008) 43 Cal.4th 885 (*Yount*).  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Wheeler sued Dr. Nameeta Sahni, who prepared a comprehensive risk assessment report (CRA) about Wheeler for use at his parole hearing, at which he was denied parole.  Wheeler also sued Dr. Sahni's supervisor, Dr. Jasmine Tehrani, who reviewed the CRA, and Chief Psychologist Dr. Cliff Kusaj, who approved it.  Wheeler alleged state law causes of action for negligence, defamation, and violation of the IPA, as well as one federal cause of action for violation of the Fourteenth Amendment's due process clause.  Wheeler sought $200,000 in compensatory and punitive damages.

---

[1]    Civil Code section 1798.18 states:  "Each agency shall maintain all records, to the maximum extent possible, with accuracy, relevance, timeliness, and completeness.  [¶]  Such standard need not be met except when such records are used to make any determination about the individual.  When an agency transfers a record outside of state government, it shall correct, update, withhold, or delete any portion of the record that it knows or has reason to believe is inaccurate or untimely."

Civil Code section 1798.45, subdivision (b) provides that an individual may bring a civil action against an agency whenever such agency "[f]ails to maintain any record concerning any individual with such accuracy, relevancy, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, opportunities of, or benefits to the individual that may be made on the basis of such record, if, as a proximate result of such failure, a determination is made which is adverse to the individual."

Respondents demurred to the complaint on grounds that the claims were barred by statutory privilege or immunities set forth in Civil Code section 47 and Government Code sections 820.2, 845.8, and 855.8. Respondents also argued that all claims failed because they were barred by the favorable-termination doctrine set forth in *Yount, supra,* 43 Cal.4th 885 and *Heck, supra,* 512 U.S. 477 and Wheeler could not prove proximate causation.

In opposition Wheeler argued respondents were not entitled to absolute immunity for their roles in preparing and approving the CRA "per the 'IPA' . . . a supreme state law;[2] and Government Code section 815.6;[3]

---

2    Civil Code section 1798.70 of the IPA states:  "This chapter shall be construed to supersede any other provision of state law, . . . which authorizes any agency to withhold from an individual any record containing personal information which is otherwise accessible under the provisions of this chapter."

3    Government Code section 815.6 provides:  "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

. . . and Penal Code section 115.[4]" He later filed an "amendment" to his opposition to the demurrer, but the trial court reviewed only a portion of that document.[5]

Citing *Heck, supra,* 512 U.S. 477, *Yount, supra,* 43 Cal.4th 885 and *Butterfield v. Bail* (9th Cir. 1997) 120 F.3d 1023, the trial court sustained the demurrer without leave to amend: "Defendants are immune from liability under Civil Code [section 47, subdivision] (b) and Government Code [sections] 820.2, 845.8 and 855.8 for preparing and approving the Comprehensive Risk Assessment in connection with plaintiff's parole proceedings. Further, plaintiff's collateral attack on his parole denial and continued confinement is barred because he has not, and cannot, allege that his prison sentence has been properly overturned or invalidated."

## DISCUSSION

We conclude that respondent psychologists, employees of a state agency, did not incur liability in preparing or reviewing the CRA because Civil Code section 47, subdivision (b) provides an absolute privilege for any publication made in the proper discharge of an official duty in any legislative

---

4    Penal Code section 115, subdivision (a) states: "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony."

5    The trial court ruled that under the California Rules of Court, "Plaintiff filed two oppositions when only one is permitted. Further, the first opposition is 19 pages and the second is 70 pages when only 15 pages are allowed for an opposition. . . . The court, in its discretion, has considered only the first 15 pages of the amended opposition filed September 9, 2019." This court similarly limits its review to the portion of the record that the court considered.

4

proceeding, judicial proceeding, or "in any other official proceeding authorized by law." (*Sacramento Brewing Co. v. Desmond, Miller & Desmond* (1999) 75 Cal.App.4th 1082, 1086.) Here, the CRA that respondents authored or approved was mandated by law to be used at Wheeler's parole hearing (Cal. Code Regs., tit. 15, § 2240), which is an official proceeding under Penal Code section 3041. Civil Code section 47, subdivision (b) therefore immunizes respondents from all liability for the causes of action and claims alleged here, including defamation, negligence, and intentional infliction of emotional distress. (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 215.)

In his opening brief, Wheeler argues that Civil Code section 47 does not apply to his claims because respondents were mandated to maintain accurate records; therefore, a failure to comply is actionable under both the IPA and Government Code section 815.6. However, the Civil Code section 47 privilege also applies to claims based on an alleged breach of a mandatory duty. (See *Lebbos v. State Bar* (1985) 165 Cal.App.3d 656, 669 [finding that trial court properly sustained demurrer to violation of a mandatory duty claim based on immunity of Civil Code section 47].) Moreover, "[i]f a specific immunity statute applies, 'it cannot be abrogated by a statute which simply imposes a general legal duty or liability.' " (*Creason v. Department of Health Services* (1998) 18 Cal.4th 623, 635.) Accordingly, the general duty set forth in the IPA and Government Code section 815.6 cannot abrogate the immunity set forth in the specific immunity statutes.

Government Code section 820.2 also provides immunity to a public employee from liability for "an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Here, the psychologists, in performance of their official duties as public employees,

5

were required to exercise their discretion in formulating the CRA and making recommendations regarding parole; therefore, their actions are immune from liability under Government Code section 820.2.

Under Government Code section 845.8, subdivision (a), "[n]either a public entity nor a public employee is liable for: (a) Any injury resulting from determining whether to parole or release a prisoner or from determining the terms and conditions of his parole or release or from determining whether to revoke his parole or release." Because the psychologists' actions involved a parole decision, they are immune from liability. This immunity is absolute and broad, immunizing "all acts within the ambit of release procedures . . . from tort liability" (*State of California v. Superior Court* (1974) 37 Cal.App.3d 1023, 1027-1028), including alleged IPA violations. (See *Torres v. Department of Corrections & Rehabilitation* (2013) 217 Cal.App.4th 844, 849 [in applying the immunity of Government Code section 845.8 to defendants' parole decision, court found that "statutory liabilities [must] be subordinated to statutory immunities"].)

Government Code section 855.8, subdivision (a) states: "Neither a public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental illness or addiction or from failing to prescribe for mental illness or addiction." Here, as Wheeler complains that the CRA includes a misdiagnosis of him, this statute applies and immunizes respondents from liability.

In light of the above analysis of privilege and immunity, and our conclusion the court did not err in sustaining the demurrer without leave to amend, we need not discuss the additional issues Wheeler raises.

6

DISPOSITION

The judgment is affirmed.


                                              O'ROURKE, Acting P. J.

WE CONCUR:


AARON, J.


DATO, J.

7