Filed 11/13/25  Mitchell v. Chula Vista Parole CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| KENYATTA QUINN MITCHELL,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CHULA VISTA PAROLE et al.,<br><br>Defendants and Respondents. | D084234<br><br><br>(Super. Ct. No. 37-2020-00008446-CU-PO-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Carolyn M. Caietti, Judge.  Affirmed.

Kenyatta Quinn Mitchell, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, R. Lawrence Bragg, Acting Assistant Attorney General, Neah Huynh and S. Gray Gilmor, Deputy Attorneys General, for Defendants and Respondents.

The trial court sustained without leave to amend the demurrer filed by Defendants Chula Vista Parole, a unit of the California Department of Corrections and Rehabilitation, and parole agent Paul Bennett to Kenyatta Quinn Mitchell's complaint against them.  Resolving Mitchell's appeal of the

resulting judgment by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

I.

A.

We take the sparse facts from the operative second amended complaint.

In May 2016, Mitchell's girlfriend's ex-boyfriend was a parolee under Chula Vista Parole's supervision. The girlfriend had a restraining order against the parolee, but he kept violating it. The complaint is silent as to whether Mitchell was a protected party under this restraining order. The restraining order violations "were reported to [Chula Vista Parole], [but] nothing was ever done."

The parolee then assaulted Mitchell. Mitchell alleges he "suffered from severe emotional distress" and posttraumatic stress disorder as a result. For reasons unexplained—but, as far as we can tell from the complaint, seemingly connected to this assault—Mitchell was subject to criminal liability and incarcerated.

B.

Mitchell blamed Defendants for his assault and, representing himself, sued them. In the operative complaint, he asserts two causes of action under the Tom Bane Civil Rights Act, which prohibits "threat[s], intimidation, or coercion" designed to prevent a person's exercise or enjoyment of their constitutional or statutory rights. (Civ. Code, § 52.1.)

Under his first cause of action, Mitchell accuses Defendants of failing both to (1) enforce the restraining order against the parolee and (2) investigate violations of it. Mitchell contends Defendants (1) were negligent and reckless in "their decision not to fulfil[l] an obligatory duty"—

2

from what we can tell, the duty to supervise the parolee—and (2) "conspired to infringe" on his "right to liberty while under color of state law."

Under his second cause of action, which is styled as an "implied cause of action" for intentional infliction of emotional distress, Mitchell repeats similar accusations and concludes Defendants breached their duty to supervise the parolee.

The trial court granted Defendants' demurrer to the second amended complaint without leave to amend based in part on Defendants' immunity under Government Code section 845.8.

## II.

## A.

Defendants ask us to affirm because "Mitchell failed to include in the record the second amended complaint or the superior court's statement of reasons for sustaining defendants' demurrer."

We presume the trial court's order is correct, so the appellant bears the burden to prove reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Consequently, "if the record is inadequate for meaningful review," we should affirm. (*Id.* at p. 609 [cleaned up].)

Mitchell, however, attached as an "exhibit" to his reply brief (1) a file-stamped copy of the operative complaint and (2) a copy of the court's minute order sustaining the demurrer without leave to amend. We construe the attachment as a motion to augment and grant it. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

As a result, the record is sufficient for us to affirm on the merits.

3

B.

Mitchell disputes Government Code section 845.8 shields Defendants. Yet his claims stem from Defendants' alleged failure to supervise a parolee, which falls squarely within the immunity granted by section 845.8.

We review an order sustaining a demurrer de novo to determine if the complaint states facts sufficient to constitute a cause of action. (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010.) In doing so, we accept the truth of all material facts properly pled in the operative complaint but not contentions, deductions, or conclusions of fact or law. (*Ibid.*)

According to Mitchell, Defendants enjoy no statutory immunity "because of the special relationship created under" *Tarasoff v. Regents of University of California* (1976) 17 Cal.3d 425 given their responsibility to supervise the parolee. He has it backwards. A special relationship goes to the question of duty, which "'is only a threshold issue, beyond which remain the immunity barriers.'" (*Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 202.) Thus, "immunity hurdles are not overcome by the existence of a special relationship." (*Ibid.*) So even were we to assume that some special relationship existed such that Defendants owed some sort of duty to Mitchell, the trial court properly sustained the demurrer on immunity grounds.

As relevant here, section 845.8 immunizes public entities and public employees for injuries resulting from determining the terms and conditions of parole. Without supporting authority, Mitchell contends section 845.8 is "inapplicable" because his claims "did not involve a newly released parolee or an escaped prisoner." But those are not the only possible scenarios to which section 845.8 applies. "Both our Legislature and the courts have" applied section 845.8 to "squarely reject[] public liability for harm resulting from the

4

failure to properly supervise a parolee." (*Fleming v. State of California* (1995) 34 Cal.App.4th 1378, 1382.) Our Supreme Court has held the "degree of supervision to be exercised . . . clearly involve[s]" the policy decisions protected by section 845.8. (*Thompson v. County of Alameda* (1980) 27 Cal.3d 741, 749.)

Mitchell argues—again without supporting authority—that his Bane Act claims disallow "[a]utomatic immunity." To the extent he is referring to the Bane Act provision precluding immunity provided under certain statutes, however, that carveout does not implicate section 845.8. (Civ. Code, § 52.1(n).)

Applied here, section 845.8 is thus fatal to Mitchell's causes of action, as they derive from Defendants' alleged failure to adequately supervise the parolee who assaulted him. Because his claims fail as a matter of law on immunity grounds, the court did not err in sustaining the demurrer and we do not need to reach Mitchell's other arguments to the contrary.[1]

Lastly, Mitchell faults the trial court for stating he "did not request leave to amend, even though he did." But it matters not. "Where, as here, there is no liability as a matter of law, the demurrer should be sustained without leave to amend." (*Torres v. Department of Corrections & Rehabilitation* (2013) 217 Cal.App.4th 844, 850.) The trial court accordingly reached the proper result.

---

[1] To the extent Mitchell raises new arguments or attempts to assert new claims for the first time in his reply brief, they are forfeited as untimely or underdeveloped. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10.)

III.

We affirm.  Defendants are entitled to recover their appellate costs.
(Cal. Rules of Court, rule 8.278(a)(2).)


CASTILLO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.